## ALBE CADY et al. versus JOB B. NORTON.

Where a witness had testified to material facts on the part of the plaintiff without being sworn, through the inadvertence of the parties, and this circumstance came to the knowledge of the defendant and his counsel during the argument of the counsel, but after the witness had gone to his home in a distant town, it was *held*, that after a verdict for the plaintiff, it was too late for the defendant to object that the witness had not been sworn.

CASE for fraud and deceit in the sale of a patent right. Plea, the general issue. The jury returned a verdict for the plaintiffs.

The facts of the case appear sufficiently in the opinion of the Court, which was delivered by

*Sept. 28th.*

SHAW C. J. A motion is made by the defendant to set aside the verdict, on the ground, that one of the witnesses who had testified to material facts on the part of the plaintiffs, was not sworn. It appears, that notice of this fact was communicated to the defendant and his counsel, before the cause went to the jury. The defendant states, in his affidavit in support of the motion, that he and his counsel had notice of this fact, whilst his counsel was engaged in his argument, and

Cady
*v.*
Norton.

.hat at that time, the witness had left town for his home in Westfield, a distance of ten or twelve miles, and this is relied upon as an apology for not then taking the objection.

Taking the fact as stated, the Court are of opinion, that the defendant, knowing that the witness had not been sworn, before the cause went to the jury, without giving notice thereof to the Court, or taking any exception, has waived his right to except, after a verdict. So where an exception may be taken to a juror or a witness, the right to except is a privilege, which the party may waive ; and if the ground of exception is known and not seasonably taken, by implication of law, it is waived. This proceeds upon two grounds ; one, that if the exception is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. The other is, that it is not consistent with the purposes of justice, for a party knowing of a secret defect, to proceed and take his chance for a favorable verdict, with the power and intent to annul it, as erroneous and void, if it should be against him. *Fox* v. *Hazelton,* 10 Pick. 275.

These considerations, of course, apply to matters of form and exceptions, which a party has a right to waive ; and it is obvious, that the exception insisted on, is of that kind. It is competent to parties, and indeed it is not uncommon in practice, by consent, to receive the statement of a person as evidence, who is not sworn.

In the present case, if notice had been seasonably given and the exception taken, the witness might probably have been recalled ; if not, the jury should have been discharged, to avoid giving an erroneous and useless verdict. Had the witness been recalled, and confirmed his testimony on re-examination, the defect would have been cured ; had he refused to do so, the cause might have been withdrawn from the jury, or other proper course adopted. But a verdict having been taken, with knowledge of the omission of the witness to be sworn, through inadvertence of all parties, the objection comes too late, and cannot affect the validity of the verdict.

*I. C. Bates, Dewey* and *Collins* for the defendant.

*Morris* and *Leonard,* for the plaintiffs, cited *Keen* v. *Sprague,* 3 Greenl. 77 ; *Walker* v. *Green,* 3 Greenl. 215 ;

Cady
v.
Norton.

*Amherst* v. *Hadley*, 1 Pick. 38 ; *Bond* v. *Cutler*, 7 Mass. R. 205 ; *Commonwealth* v. *Green*, 17 Mass. R. 538 ; *Wail* v. *Maxwell*, 5 Pick. 217 ; 9 Dane's Abr. 555 ; 1 Sellon's Pr. 489 ; *Queen* v. *Child*, 7 Cranch, 290 ; 6 Dane's Abr. 254 ; *Callender* v. *Marsh*, 1 Pick. 418 ; *Train* v. *Collins*, 2 Pick. 153 ; *Robinson* v. *Cook*, 6 Taunt. 336 ; *Gist* v. *Mason*, 1 T. R. 84.