CASE 69—INDICTMENT—DECEMBER 11, 1884.

## Rankin v. The Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A party is not entitled to a new trial on the ground of surprise, occasioned by his witness failing to prove that which was expected on the trial.
2. The rule applies as well on motion to discharge the jury upon that ground during the trial.

Rankin v. The Commonwealth.

·3. The fact that one of appellant's witnesses testified without being sworn, and without his knowledge, and appellant did not know that the witness had been in the penitentiary, is no ground for a reversal.

·4. But the witness, Kenedy, before the trial, went to the Commonwealth's attorney and informed him that what the witness swore to on the application for bail was false.

·5. When the witness was asked why he did not inform defendant's counsel that it was false, the attorney for the Commonwealth interposed and stated that he told the witness not to do it, adding that he wished to show the methods of the defense.

·6. Upon this state of the case, it was the duty of the court on appellant's motion, to discharge the jury and continue the case.

KINNEY & KINNEY, BAKER & ATCHERSON, L. S. MUNFORD AND H. CLAY FOR APPELLANT.

·1. The appellant was entitled to a new trial by reason of surprise caused by his own witness, Kenedy, testifying on the trial differently from what he had sworn to on the application for bail, and from what appellant had every reason to expect.

·2. It was not his fault that the witness so testified, nor was it his fault that the witness' intention so to do was withheld from him. (25 Ind., 220 27 Vt., 724: 11 Ark., 16; 23 Ill., 518.)

·3. The jury were deprived of Cain's evidence under oath.

P. W. HARDIN, A. G. CARUTH AND R. J. BRECKINRIDGE FOR APPELLEE.

No brief for appellee.

·JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant having been tried under an indictment charging him with the murder of Martin Cody, found guilty and sentenced to confinement in the penitentiary for life, appeals.

The homicide occurred after nightfall, on the corner of Twelfth and Grayson streets, near to a grocery store and saloon, in the city of Louisville, and there was evidence introduced on behalf of the Commonwealth, which tended to show the offense charged was committed.

The first witness introduced for the defense was one W. A. Cain, who testified he saw the first part of the

difficulty between appellant and the deceased, and his evidence tended to show an altercation and a threat, on the part of deceased, to then and there take the life of appellant.

The next witness called for the defense was Ed. Kenedy, who, upon being asked if he had heard deceased say any thing about appellant, answered in the negative. He was then asked what he had said, as a witness, when testifying before the judge of the court, upon the application of appellant for bail. But the question being objected to, and the witness not answering, he was asked if what he said then was true. To that question he answered, "No; Charley Rankin made it up, and influenced me to say it. I don't intend to tell a lie." Being again asked what it was he swore to before, he answered that he then swore that he was sitting on the corner of Fourteenth and Madison streets, and Martin Cody came along and stopped and said: "Do you see that man," pointing to Rankin, "I got it in for that man; he insulted my sister. I bursted his head with a brick, and the next time I will finish him."

Upon further interrogation the witness detailed, circumstantially, the time and places when the story for him to swear to, and which he did swear to, was, as he said, made up. And in the course of the interrogation it was developed that the day before he was called as a witness in this case, he and his mother, together, went to the office of the Commonwealth's attorney, and informed him that what he had sworn to, upon the motion for bail, was false. But he never, before being introduced as a witness on the trial, informed any one besides his mother and the Commonwealth's attorney;

and when asked by defendant's counsel why, as he had led them to believe what he previously swore to was true, he did not come and let them know it was false, the Commonwealth's attorney interposed and said he told the witness not to do it, adding that he wished to show the methods of the defense.

Thereupon counsel for the defense moved the court to discharge the jury and continue the case, and, in support of the motion, filed an affidavit by appellant. In that affidavit he stated substantially that he was surprised by the statement and conduct of the witness, Kenedy, who, before being summoned, voluntarily gave information to appellant's counsel of what he subsequently stated on the motion for bail, and he, appellant, fully believed that said statement was true, and had not the slightest knowledge it was false, or any information before the witness was sworn on this trial that he would swear it to be false; that the Commonwealth's attorney, with full knowledge before the witness was called, that his testimony was false, told him not to so inform appellant's counsel. He further stated that he believed if the opportunity was afforded him by a continuance, he could show that the witness, Kenedy, had been induced to change his testimony, and that, without fault upon his (appellant's) part, he had been put to great disadvantage, and could not safely continue the trial before the jury then empaneled.

On the next day of the trial, appellant's counsel asked that the witness, Cain, might be recalled. But the witness failing to appear, counsel for appellant stated to the court that since the adjournment of court they have ascertained that he testified falsely in his

answer to the question whether he had been in the penitentiary, and they, therefore, felt it to be their duty to make the statement to court, and they had already done so to the Commonwealth's attorney.

The Commonwealth's attorney thereupon moved to expunge the testimony of the witness, Cain, from the record, stating that he was informed he testified without being sworn, and the motion not being objected to, the evidence was, by the court, directed to be withdrawn. But subsequently it was directed by the court to remain for the consideration of the jury, and they were instructed to consider it.

Appellant's counsel again moved the court to discharge the jury and continue the case, and, in support of the motion, he filed an affidavit stating in substance that he had no knowledge, before the witness, Cain, testified, that he had not been sworn, or had been in the penitentiary, and that he had, by the flight of the witness before being discharged, been deprived of the benefit of his testimony given on oath.

Both motions for a discharge of the jury and continuance were overruled by the court.

Although the conduct of the witness, Cain, was calculated to have an influence upon the minds of the jury unfavorable to the defense, we do not think that was a sufficient ground for discharging the jury and continuing the case. For, in the first place, it was not the fault of the Commonwealth that the witness was permitted to testify without being first sworn, even if such was the case, nor that he fled before being discharged by the court; and, in the second place, his whole testimony

was before the jury, and appellant got as full benefit of it as if he had been sworn.

But the question arising upon the other motion is more serious.

It is a rule, sanctioned by both reason and authority, that a party is not entitled to a new trial on the sole ground of surprise occasioned by a witness whom he has called failing to give the evidence, or giving evidence different from that he was expected to give. And that rule is as well applicable on a motion to discharge the jury and discontinue a trial already begun, as on a motion for a new trial.

In every such case it should be made to appear that injustice or injury has resulted to him, without his fault, which might be remedied by a continuance or new trial, as the case may be.

It is not made to appear by the affidavit of appellant, or otherwise, that a continuance of the case would or could have resulted in supplying the evidence which he expected from the witness, Kenedy, nor that he went into the trial, relying upon the evidence of Kenedy, in the absence of another witness, by whom he could, at another trial, establish the same fact.

It, therefore, follows that appellant was not entitled to a continuance of the case upon the ground of the injury done to him by the failure of the witness, Kenedy, to give, on the final trial, the evidence he was expected to give, and which, from his testimony upon the application for bail, appellant had reason to believe he would give.

But in all criminal prosecutions the accused is, under the Constitution, entitled to a fair trial by an impartial

.:jury, and the grave .question arises whether appellant had such trial, and the question is also presented whether he has been deprived of it by the conduct of the Commonwealth's attorney.

That the minds of the jury were, by the conduct and statements made in their presence by the witness, Kenedy, and the action of the Commonwealth's attorney, prejudiced against appellant to such a degree as to deprive him of an impartial trial, we think is manifest.

Subsequent to the introduction of the witnesses, ·Cain and Kenedy, one or more witnesses testified in behalf of appellant, whose evidence .tended to show that he killed the deceased, if not in self-defense, under such circumstances as ·the jury might have concluded ·reduced the ·offense charged to the degree of manslaughter. But the conduct and statements of Kenedy had a tendency to throw suspicion upon the honesty .and good faith of appellant, and .the integrity of all the witnesses thereafter introduced by him, and to prevent the jury from impartially considering their ·evidence.

Whether or not it was the duty of the Commonwealth's attorney, when told by Kenedy he had sworn ·falsely upon the trial of the question of bail, to give the information to appellant's counsel, and thereby prevent them being entrapped by a perjured witness, is .a question of professional courtesy, which it is not the province of this court to decide. But he had no right to compel the witness to conceal the information from appellant's counsel; for, in view of the fact that the witness, after making the confession, was at the will of the Commonwealth's attorney, subject to indictment

and punishment for perjury, the request was equivalent to a command he dare not disobey.

Thus is presented the startling fact, that, by the use of official power, that which it was essential to the defense of appellant for his counsel to know, and they had a right to know, was purposely kept concealed from them and him.

It is not necessary to speculate whether Kenedy would, but for the action of the Commonwealth's attorney, have given the warning it was his duty to give to appellant's counsel or not. For the latter, himself, states the reason Kenedy did not do so was that he told him not to do it.

There is nothing in the testimony of Kenedy, or elsewhere in the record, which shows that appellant directly or indirectly suborned the witness, Kenedy, or attempted to do so. On the contrary, he states in his affidavit that he believed Kenedy's testimony, upon the motion for bail, was true. But the result was as disastrous to him, as if he, instead of his son, Charles Rankin, had been charged with doing it, particularly after the unnecessary and ill-timed remark of the Commonwealth's attorney, that his object in telling the witness not to inform appellant's counsel he would not testify as he had previously done was to show the methods of the defense.

Not only were appellant's counsel thus entrapped, but he was made to suffer for alleged misconduct of his son, illegally and wrongfully put in evidence before the jury, which he is not shown by the record before us to have been at all cognizant of, or responsible for.

In our opinion the court erred, to the prejudice of

appellant's substantial rights, in not sustaining the first motion to discharge the jury and continue the case.

Wherefore the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.