LANGFORD, et al, vs UNITED STATES.

Opinion delivered September 23, 1903.

1. *Trial—Verdict—Impeachment of—Affidavits of Jurors.*

Sec. 2298 Mansf. Dig. (1641 Ind. Ter. Stat.) provides that a juror cannot be examined to establish a ground for new trial except to show that the verdict was obtained by lot. Therefore, affidavits of jurors undertaking to impeach their verdict because a witness was not sworn, cannot be considered by the court in passing upon a motion for a new trial.

2. *Criminal Law—Witness not Sworn—New Trial.*

Where, in a criminal trial, a witness for the prosecution was not sworn before testifying, and this fact is not shown to have been known to the defense until after the verdict, such failure constitutes ground for new trial.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

John Langford and Dave Langford were convicted of larceny. They appeal. Reversed.

*Gilbert & Gilbert*, for appellants. *W. B. Johnson*, U. S. Atty., and *James E. Humphrey* and *C. O. Bunn*, Asst. U. S. Attys.

Clayton, J. The only proposition urged by counsel for appellants is that the court erred in refusing to grant a new trial on the ground that a witness for the government—J. H. Brown —was permitted to testify without having been sworn. The question was first raised by the motion for new trial, no objection having been made before verdict. Affidavits of some of the jurors who tried the case were offered, in support of the motion for new trial, to the effect that the testimony of the witness Brown had great weight in securing a conviction; and one juror made affidavit "that his vote was for acquittal, and that the only reason he agreed to find a verdict of guilty was upon the proposition and assurances from other members of the panel that the Langfords would be certain to get a new trial on account of the fact that J. H. Brown had not been sworn." On the hearing of the motion for new trial, however, the court very properly refused to consider these affidavits. Section 2298, Mansf. Dig. (§ 1641, Ind. Ter. St. 1899), provides that "a juror cannot be examined to establish, as a ground for a new trial, except to establish, as a ground for a new trial, that the verdict was made by lot." And the Supreme Court of Arkansas, in Wilder vs State, 29 Ark. 293, in passing upon this identical section, as contained, at that time, in Gantt's Digest, say: "Under our statute a juror can be examined to establish no other ground for a new trial than that the verdict was made by lot." On this question we are cited by counsel for appellants to the case of Mattox vs United States, 146 U. S. 140, 13 Sup. Ct. 50,

36 L. Ed. 917. But in that case the Supreme Court of the United States say: "Evidence of jurors as to the motives and influences which affected their deliberations is inadmissible either to impeach or support their verdict; but a juryman may testify to any facts bearing upon the question of the existence of any extraneous influence, although not as to how far that influence operated on his mind." It would have been perfectly competent, therefore, for the defendants to prove by a juror that the witness Brown was not sworn, but not as to the effect thereof, upon his mind, or the verdict as rendered. Therefore the affidavits of the jurors undertaking to impeach their verdict because of the fact that a witness before them was not sworn were not proper to be considered by the court in passing upon the motion for new trial.

But is the admitted fact that a witness in a criminal case is permitted to testify on behalf of the government without being sworn such a violation of the legal rights of a defendant as to entitle him to a new trial, when the question is not raised until after verdict. The adjudicated cases upon this question are few in number, and are very conflicting. The text-writers seem to very carefully guard against expressing any positive opinion; and, indeed, one court, in passing upon this same proposition, deemed it "peculiar in its nature." And this is undoubtedly so. On the one hand, we are confronted by the proposition, which has been embodied in all law from time immemorial, that a witness must be sworn (or affirmed) before he is competent to testify; and, on the other hand, by the principle, as firmly established, that a party must make timely objection to proceedings which are erroneous, else he will be deemed to have waived them. Counsel for appellants, in their brief, cite us to many authorities sustaining the proposition (which all must concede) that a witness must be sworn before he is called to testify, and call our attention to one case (and only one)

which squarely supports their contention. This is the case of Hawks vs Baker, 6 Greenl. 72, 19 Am. Dec. 191, in which the Supreme Court of Maine holds that: "It is the duty of the counsel offering a witness to move that he be sworn, and thus be qualified to testify. * * * Thus far the counsel for the opposite party has no concern with the transaction. He has a right to presume that the person taking the stand in the character of a witness has been duly sworn. Of course, his omission to inquire and ascertain the fact cannot be considered as any waiver of his right to object to the incorrectness of the proceeding if the person supposed to be sworn was in fact never sworn. No man can be considered as waiving a right which he is unconscious of possessing. * * * The defendant has not had a trial of his cause on legal evidence, but partly on that which is illegal." As will be noticed, this was a civil case. It appeared affirmatively in that case that the defendant had no knowledge of the fact that the witness was not sworn until after verdict.

From an examination of the cases cited by appellee it will be seen that they are either not in point, or based upon uncertainty as to whether the failure to swear the witness was not known until after the verdict, or that failure to swear was the fault of the party making the objection. In Goldsmith vs State (Tex. Cr. App.) 22 S. W. 405, the court say: "It is made ground for new trial, by amended motion, that the witness McConnell was not sworn before testifying. The agreed statement of facts shows that he was introduced by and testified for the defendant. The amendment alleges that he "testified for the state." No objection was reserved at the trial, and it is too late to raise this question on motion for new trial, even if he testified for the state." In Trammell vs Mount (Tex. Sup.) 4 S. W. 377, 2 Am. St. Rep. 479, the Supreme Court of Texas say: "The appellants allowed the witness to give his testimony without being sworn, and thereby waived any objection to it

on that account." In this case it does not appear who offered the witness, nor that the fact was not known before verdict. In the case of Slauter vs Whitelock, 12 Ind. 338, the Supreme Court say: "But in the case at bar we are not informed when the mistake as to the testimony having been given without the sanction of an oath was discovered by the complaining party. * * * If it was known before the jury retired, the mistake could have been corrected by swearing the witness and rehearing the evidence. * * * If no motion was made upon the discovery by either party, it would amount to an acquiescence in the reception of his statements as evidence in the case." In the case of Riley vs Monohan, 26 Iowa, 507, the court say: "The fact that a witness who gave material testimony in behalf of the party calling him was not sworn does not entitle the adverse party, as a matter of right, to a new trial, when it is not shown but that he or his attorney knew of the omission before the verdict was returned." In the case of Rankin vs Commonwealth, 82 Ky. 424, it appeared that the witness who was not sworn was called and testified in behalf of the defendant. In the case of Nesbitt vs Dallam (Md) 28 Am. Dec. 236, objection was raised after verdict that the answer had not been verified. The court held that the objection was clearly waived, as the plaintiff was bound to know to know that the answer had not been verified before announcing ready for trial. In the case of Cady vs Norton, 14 Pick. 236, the fact that a witness testified without being sworn was shown to have been known before the case went to the jury, and the court held that it was too late to object after verdict. In the case of Redd vs State, 65 Ark. 475, 47 S. W. 119, it appears that a witness was called and sworn, and it was then shown that he was incompetent to testify, by reason of a conviction of larceny. The state thereupon produced a pardon, shown to have been properly delivered and accepted, and the witness was permitted to testify. Objection was made in the motion for new trial, that the witness was not resworn. The Supreme

Court of Arkansas say: "There is nothing in the fact that he was not sworn when recalled. . He had been sworn in the case before, and, even if he had not been sworn, no objection was raised to his testifying without being sworn." In the cases of Lawrence vs Houghton, 5 Johns, 129, and White vs Hawn, Id. 351, a justice of the peace had given parol evidence of proceedings before him in a former trial between the same parties. It does not appear that the justice was not sworn, and the question turns on the competency of the evidence, rather than the competency of the witness. It will thus be seen that in none of the cases where the courts have refused to interfere with the verdict of a jury because a witness was not sworn does it appear that that fact was not known to the party making the objection until after verdict, and in the only case where a new trial was granted it did appear affirmatively that such knowledge did not exist. And it would seem that knowledge or want of knowledge is the true test in this class of cases. In a note to section 364b of Wigmore's Edition (16th) of Greenleaf on Evidence the following appears: "Whether he may (have a new trial) if a witness on the other side testified without having been sworn at all, quære? If the omission of the oath was known at the time, it' seems he cannot; but, if it was not discovered until after trial, he may." Mr. Thompson, in his work on Trials (volume 1, § .365), says: "It is the duty of the party calling the witness to see that he is sworn, though, if the oath is inadvertently omitted the objection will not be good after verdict;" but at once adds, "The objection must be made as soon as it is discovered, or it will be deemed waived." In this case the witness who was not sworn, J. H. Brown, was a member of the grand jury. He was called from the grand jury room to the courtroom for the purpose of testifying on behalf of the government, and was not sworn. He was examined and cross-examined, and returned to the grand jury room. He was afterwards recalled for rebuttal, and before taking the stand suggested to the United States attorney that

he "ought to be sworn this time," to which the United States attorney replied, "You have already been sworn before." H. F. Gilbert, one of the two counsel for defendants, made affidavit, which was attached to the motion for new trial, that: "He did not notice the witnesses particularly when they were being sworn, and was not aware of the fact that J. H. Brown, one of the principal witnesses for the government, had not been sworn to testify in said cause, until after the jury returned a verdict of guilty into court against said defendants." We think, therefore, that it is fairly shown that the defendants had no knowledge of the fact that the witness was not sworn. The court did not notice it. The United States attorney stated to the witness that he had already been sworn, and one of counsel for defendants swears that he did not know it until after verdict. It is unfortunate that this oversight should have happened, but the defendants are clearly entitled to be tried and (if convicted) convicted upon legal evidence, unless it can be fairly shown or presumed that, by their failure to object, they wiaved some right in that regard. But an objection cannot be made until the ground therefor is known. And in the language of the court in Hawks vs Baker, supra, "we are not at liberty to presume * * * what we know is not a fact." There is absolutely no proof offered by the government to show that the failure to swear the witness was known before verdict, and the presumption disappears in the face of absolute proof that it was not known until after verdict.

We therefore hold that the court erred in refusing to grant a new trial in this cause, and for that reason the judgment is reversed and remanded.

GILL, C. J., and RAYMOND, J., concur.