Nat E. Dunder *vs.* Joseph C. Scuncio *et al., as Members of Bureau of Licenses of the City of Providence.*

AUGUST 16, 1957.

Present: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J.   This is a petition for a writ of certiorari brought by the petitioner, a duly licensed constable with power to serve civil process, to review and quash the decision of the respondent bureau of licenses of the city of Providence in revoking such license.   The writ was issued and the pertinent records have been certified to this court.

The petitioner alleges that for a period of twenty-five years he has been continuously licensed as a constable with power to serve civil process, and that on November 16, 1956 he was notified in  writing to appear on November 21, 1956 at a hearing before the respondent bureau of licenses, hereafter called the bureau, "as several complaints have been registered with the Bureau regarding your conduct as a Constable With Power to Serve Civil Process." In the same notice he was informed that he had the right to be represented by counsel at such hearing.

At a hearing on November 28, 1956, three attorneys appeared on behalf of three individual clients who had, previous to the hearing, registered complaints in writing with the bureau charging petitioner in each instance with an abuse of the power and authority which was vested in him

by law as a constable. Each of the attorneys made oral statements at the hearing, but not under oath, charging petitioner with certain alleged acts of conduct purporting to show an abuse of power and other alleged violations of the duties of his office. One of the complaining witnesses testified under oath that the facts presented to the bureau by her attorney at the hearing represented "things exactly as they happened." The record shows that petitioner waived his right to be represented by counsel and that he pleaded "not guilty" to the complaints. After the complainants had completed their statements, petitioner was asked by the bureau whether he had any statement to make, to which he replied in the negative. Thereupon the bureau noted that if he had nothing to say, the statements presented at the hearing stood admitted, and the case was then taken under advisement.

The petitioner was subsequently notified that the bureau had voted "that your appointment as Constable With Power to Serve Civil Process be revoked forthwith on the basis of evidence produced in connection with numerous complaints as to your method of operating and abuse of power as a Constable." Thereafter, on December 14, 1956 the instant petition for a writ of certiorari was filed.

Public laws 1951, chapter 2721, sec. 168, provides: "Unless otherwise provided by law, any license issued by the bureau of licenses may be suspended, annulled, rescinded, cancelled or revoked by the bureau of licenses for any reason which the bureau may deem to be in the public interest; provided, however, that no license shall be suspended for more than seventy-two hours or annulled, rescinded, cancelled or revoked unless the licensee shall have been given at least three days written notice of the action proposed to be taken, and of the grounds therefor and the time and place of hearing. The said licensee shall also be notified of his right to be represented at said hearing by counsel of his own choice."

The petitioner contends that the bureau erred in failing to give him written notice of the action proposed to be taken and of the grounds therefor; that it erred in revoking his license for reasons other than those provided by law; that it erred in failing to state the grounds of revocation in the notice of its decision to him; that it based its decision on improper testimony; and, finally, that it erred in failing to swear the witnesses.

Under the provisions of the pertinent statute, chap. 2721, sec. 168, the petitioner was entitled to written notice of the action proposed to be taken and of the grounds therefor. In its notice to petitioner of the hearing, the bureau should have been more specific in order to comply with the requirements of sec. 168. However, after a careful examination of the record we are of the opinion that its failure to do so did not prejudice the rights of petitioner. He appeared at the hearing and expressly waived his right to be represented by counsel. He did not object at that time to the form of the notice, nor did he ask for a continuance or a bill of particulars. In the circumstances, it is our opinion that by proceeding and taking part in the hearing he waived any rights which he may have had to object to the insufficiency of the notice. The petitioner has cited several cases to support his contention. An examination of those cases shows that the petitioner therein did not participate in the hearing, as was done in the instant case, and therefore they are not applicable to the facts of this case. See also 4 McQuillin, Municipal Corporations, (3d ed.), § 12.237, p. 264.

We find no merit in petitioner's contentions that the bureau revoked his license for reasons other than those provided by law or that it has erroneously based its decision on improper testimony. A careful reading of the record convinces us that there was sufficient evidence before the bureau to support its decision that petitioner had violated the provisions of the statute in relation to the duties of con-

stables. See Revised Ordinances of the City of Providence 1946, chap. 2, sec. 156, p. 120.

The petitioner next contends that the decision of the bureau is invalid because it failed to swear the witnesses. He cites *Board of License Comm'rs* v. *O'Connor*, 17 R. I. 40, to support his contention. In that case all the parties at the hearing, including the board of license commissioners, assumed that the oath was not necessary and consequently none of the witnesses was sworn. The court there stated that in those circumstances the omission to object to the failure to swear the witnesses could not be regarded as a waiver of the oath, "inasmuch as the respondent apparently did not understand his right."

In the instant case, however, there was some sworn testimony, brief as it was. The decision in the *O'Connor* case, *supra,* therefore does not apply since the facts differ materially from those in the case now before us. However, although we think that the regularity of proceedings before administrative agencies would be greatly enhanced by requiring an oath or affirmation to be given by all witnesses appearing before them, we cannot say on the record here that the decision of the bureau was not based on sworn testimony or that petitioner's fundamental rights were violated in the conduct of the hearing. See *Kavanaugh* v. *Paull,* 55 R. I. 41, 50.

The petitioner contends that in any event the bureau erred in failing to state in its decision and in the notice to him the specific reasons for the revocation of his license. He relies on the decisions of this court in *Girouard* v. *Board of Police Comm'rs,* 52 R. I. 47, and *Reynolds* v. *Mayor and Aldermen,* 23 R. I. 370. In its notice to petitioner the bureau stated that it had voted to revoke his appointment forthwith "on the basis of evidence produced in connection with numerous complaints as to your method of operating and abuse of power as a Constable."

Although it is true that the bureau should have been

more specific in stating the grounds of revocation in its decision and in its notice to petitioner, on the record before us we cannot say, as a matter of law, that such failure prejudiced petitioner in any way. While the bureau was not specific in stating such grounds, nevertheless the decision by reference incorporated the evidence by expressly making reference thereto. Therefore the petitioner cannot complain that he did not know the reasons for the revocation, since he was present at the hearing, participated therein, and heard the evidence as it was presented. After a careful examination of the entire record, it is our opinion that the grounds of revocation are stated in the records of the bureau with reasonable clearness. We have found them sufficiently specific to provide the necessary basis for a judicial review of the bureau's decision. See *Girouard* v. *Board of Police Comm'rs, supra,* at page 52; *Reynolds* v. *Mayor and Aldermen, supra.*

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered to be returned to the respondents with our decision endorsed thereon.

*Israel Moses,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondents.