**George E. SEWALL et al.[1]**

**v.**

**SPINNEY CREEK OYSTER CO., INC.
and Spencer Apollonio, Commissioner of
the Department of Marine Resources.**

Supreme Judicial Court of Maine.

Argued June 17, 1980.

Decided Oct. 14, 1980.

1. This proceeding at all prior stages bore the title "In re Application of Spinney Creek Oyster Co., Inc." As our discussion hereinafter shows, this title is incorrect. We have therefore changed it to conform to what is appropriate for a proceeding of this kind.

Skelton, Taintor & Abbott, P. A., Brian M. Dench (orally), Lewiston, for Spinney Creek Oyster Co., Inc.

Craig J. Rancourt (orally), Biddeford, for appellees–intervenors.

Before McKUSICK, C. J., and WERNICK, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

The Commissioner of the Department of Marine Resources (Commissioner) and Spinney Creek Oyster Co., Inc. (Spinney Creek) have appealed from a judgment of the Superior Court (York County) adjudicating illegal the Commissioner's award of a lease to Spinney Creek in regard to aquaculture operations on certain parts of the York River. The Superior Court held that the failure of the hearing examiner to have any of the witnesses sworn rendered void the entire proceeding underlying the award of the lease and therefore the lease itself, as well.

We deny the appeal, but we modify the judgment to order the lease set aside rather than to be held void. Affirming the judgment as thus modified, we remand the case for further proceedings.

The facts are not in dispute. In early 1979, pursuant to 12 M.R.S.A. § 6072 (Supp. 1979–80), Spinney Creek applied to the State Commissioner of Marine Resources to be granted a lease to raise oysters in the York River. The Commissioner held a hearing pursuant to subsection (6) of Section 6072, which provides:

> "Prior to granting a lease, the commissioner shall hold a hearing. The hearing shall be an adjudicatory proceeding and shall be held in the manner provided under the Maine Administrative Procedure Act, Title 5, chapter 375, subchapter IV and the specific procedures of this section."

The primary purpose of the hearing was to obtain evidence concerning any possible adverse effects of the proposed aquaculture project on the interests of riparian owners or other members of the public in their use of the leased area. *See* Section 6072(7).

---

Cabanne Howard, Asst. Atty. Gen. (orally), Augusta, for Apollonio, Commissioner, Dept. of Marine Resources.

The Administrative Procedure Act, regarding "adjudicatory proceedings", 5 M.R.S.A. § 9057, provides:

"[u]nless otherwise provided by statute, agencies need not observe the rules of evidence observed by courts, but shall observe the rules of privilege recognized by law"

and

"[a]ll witnesses shall be sworn." (emphasis added) Id., at subsections (1) and (3).

Here, all parties agree that in this adjudicatory proceeding each and every witness who gave testimony was unsworn.

Following the hearing, the Commissioner, after reviewing the findings of the hearing examiner and with the advice and consent of the advisory council, awarded a lease to Spinney Creek. Pursuant to the Administrative Procedure Act, 5 M.R.S.A. § 11002 (1979), a petition for review was filed in the Superior Court by nine of the persons who had participated in the public hearing as intervenors, in accordance with Section 9054(1). They were joined by another person who alleged herself to be "aggrieved by final agency action", in accordance with Section 11001. The petition asserted as one of six points on review, that the omission to have sworn each and every witness who testified at the public hearing invalidated that hearing and the award of the lease resulting from it.

The Superior Court denied the petition for review in regard to five of the points it raised. As to the sixth point raised, however, that all of the witnesses who testified at the public hearing were unsworn, the Court decided that this deficiency rendered "void" the public hearing as well as the lease granted in consequence of that hearing.

Both the Commissioner and Spinney Creek immediately moved the Court to alter or amend its judgment pursuant to Rule 59(e) M.R.Civ.P., asserting as the ground therefor that the intervenors had "waived" the swearing of the witnesses by their failure to object to this omission at the hearing. After hearing, the Superior Court justice denied the motion, stating:

"I'm frankly not impressed with a waiver theory in this situation because it is defined as a relinquishment of a known right. And I'm not sure that lay people in this sort of a proceeding can be said to know of that right. Furthermore, all parties ought to be charged—it was just as easy for the winners and the losers to equally—it's just a question of proceeding without the oath."

*1.*

We discuss, first, certain preliminary issues that arose at the oral argument before this Court.

 One such issue is whether the Commissioner of the Department of Marine Resources is a proper party in the case. We conclude that since the Commissioner has the responsibility and authority, under 12 M.R.S.A. § 6072 (1979), as to aquaculture leases, he is a proper party in a proceeding under the Admistrative Procedure Act to review his decision granting or denying such a lease. Where, as here, a state administrative agency (or official) is charged with the administration of a statute, and the action of that agency is subjected to review under the Administrative Procedure Act, notwithstanding that the action is taken in an "adjudicatory proceeding" as defined in that Act and may thus involve the agency as a quasi–judicial tribunal, the agency has a sufficient interest in defending its policies, as reflected in its actions, to entitle it to participate in proceedings to review its actions and policies. The Commissioner of the Department of Marine Resources was thus a proper party to these proceedings for judicial review.

 In light of this conclusion, another preliminary question arises regarding the appropriate title to be given this kind of proceeding. When a petition for review of the action of a governmental agency is brought under the Administrative Procedure Act, unless it is otherwise specifically provided, the pleadings should conform to the Maine Rules of Civil Procedure. Rule 10(a) provides:

"(*a*) *Captions*; *Names of Parties.* Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the docket number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. The complaint shall be dated."

The petition for review instituting the instant judicial proceeding for review did not conform to these specifications. In particular, although the petition named the parties in the first paragraph, the caption of the petition gave the proceeding the title "In re Application of Spinney Creek Oyster Co., Inc. ..." and this was the title used at all stages of the proceeding. Such a title for this case is inappropriate. "In re" is

"the usual method of entitling a judicial proceeding in which there are not adversary parties"

and the action is directed to

"some *res* concerning which judicial action is to be taken, such as a bankrupt's estate, an estate in the probate court, a proposed public highway, etc." H. Black, *Black's Law Dictionary*, Rev'd 4th ed., 900 (1968).

Here, there is not such a res. Rather, the subject matter in dispute is the action of an administrative agency as to which there are adversary parties. The action must be given a title reflecting the adversary parties involved in it.

### 2.

Proceeding to the foundational point raised in this appeal, we conclude that the failure to swear any of the witnesses who testified at the public hearing renders unlawful that hearing as well as the lease that was its product.

We note first that here, as in *Paradis v. Webber Hospital*, Me., 409 A.2d 672 (1979),

the available legislative history affords no guidance as to why the legislature specifically required that in adjudicatory proceedings under the Maine Administrative Procedure Act "[a]ll witnesses shall be sworn." However, the general value and purposes of the oath requirement are well known, i. e., "to bind the conscience of the witness and make him amenable to prosecution if he gives perjured testimony." *Wilcoxon v. United States*, 231 F.2d 384, 387 (10th Cir. 1956); *see Paradis v. Webber Hospital, supra*, at 675.

Some authorities have questioned the value of the oath.[2] Yet, when a statute requires an oath courts generally hold, as this Court has recently affirmed, that "[t]he oath provision in a statute is more than a mere technicality." *Paradis v. Webber Hospital, supra*, at 675. Some courts have gone so far as to deem the swearing of witnesses in particular contexts to be a constitutional requirement, as a component of constitutional due process of law. *People v. Hartnett*, 124 Misc. 418, 208 N.Y.S. 246, 249 (1925); *Commonwealth ex rel. Freeman v. Superintendent of State Correctional Institution*, 212 Pa.Super. 422, 242 A.2d 903, 908–909 (1968); *contra, State v. Doud*, 190 Or. 218, 225 P.2d 400, 408 (1950).

On the other hand, the right of a party to claim entitlement to the benefits deemed to be conferred by a requirement for the swearing of witnesses may be relinquished through a genuine act of waiver, or may be forfeited by procedural default. *Cady v. Norton*, 31 Mass. (14 Pick.) 236, 237 (1833); *Wilcoxon v. United States, supra*, at 387 and appropriate cases cited therein.

As to forfeiture by procedural default, however, one important qualification is generally recognized. When a party is not aware, or is not chargeable with responsibility to be aware, of the requirement to swear witnesses, as for example when a party is not represented by counsel, the failure to make timely objection regarding

2. *See* 6 J. Wigmore, Evidence § 1827 (Chadbourn rev. 1976) and sources cited therein at n. 1.

such omission rarely will lead to a forfeiture by procedural default. *Hawks v. Baker*, 6 Me. 72 (1829); *Langford v. United States*, 4 Ind.T. 567, 76 S.W. 111, 112 (1903); *Gibbons v. Territory*, 5 Okl.Cr. 212, 115 P. 129, 138 (1911); *Wilcoxon v. United States, supra*, at 388 (Murrah, J. dissenting); *see Beausoliel v. United States*, 107 F.2d 292, 294 (D.C.Cir.1939); *Pooley v. State*, 116 Ind. App. 199, 62 N.E.2d 484, 485 (1945). In New York, some courts have refused to apply the rule of forfeiture by procedural default in regard to oath requirements. They hold that express consent and a genuine waiver are required, even when counsel is present, to render unsworn testimony admissible, otherwise its admission is reversible error. *Napiearlski v. Pickering*, 278 App.Div. 456, 106 N.Y.S.2d 28, 29 (1951).

We have examined with care the Commissioner's arguments, and the cases cited, for the proposition that the "modern trend" is to find a waiver, or a forfeiture by procedural default, in situations like that in the case at bar. We can discern no such trend; rather, almost without exception, the cases cited are factually distinguishable from the case now before us.

Most are distinguishable because the party in question was represented by counsel, and the opinions often expressly note that there was no showing that counsel was unaware of the omission to have the witness sworn, so as to excuse the lack of a timely objection. *E. g., Wilcoxon v. United States, supra*; *Beausoliel v. United States, supra*; *Stores Realty Co. v. City of Cleveland*, 41 Ohio St.2d 41, 322 N.E.2d 629 (1975); *Brenton State Bank v. Heckmann*, 233 Iowa 682, 7 N.W.2d 813, 814–15 (1943); *Moore v. State*, 96 Tenn. 209, 33 S.W. 1046, 1048–49 (1896); *Cady v. Norton, supra*. Other cases are distinguishable because there was other sworn testimony sufficient to support the verdict, the unsworn testimony being immaterial or cumulative. *E. g., Dunder v. Scuncio*, 86 R.I. 370, 134 A.2d 400 (1957); *Fetty v. State*, 119 Neb. 619, 230 N.W. 440 (1930);

*State v. Melancon*, 163 La. 435, 112 So. 37 (1927). Moreover, in some other cases cited by the Commissioner, the courts found that it was not clear from the record that there was a failure to swear, and therefore the regularity of the proceedings was presumed. *E. g., In re Simmons Children*, 154 W.Va. 491, 177 S.E.2d 19 (1970); *People v. Krotz*, 341 Ill. 214, 172 N.E. 135 (1930).

■ In the present circumstances, then, where (1) the statute expressly requires that the witnesses be sworn, (2) the record is clear that none of the witnesses at the public hearing was sworn and (3) the intervenors were not represented by counsel in a proceeding where there is no right to counsel and representation by counsel is not necessarily encouraged or deemed desirable, we hold that the failure to swear the witnesses is a fatal deficiency. To hold otherwise would be to disregard the importance generally attributed to the oath in our jurisprudence and also the special emphasis the legislature gave it in this particular context by mandating that witnesses be sworn, despite the informality authorized in other respects.

■ Although we thus decide that the proceedings leading to the award of the lease were fatally flawed and that, therefore, the lease must be set aside, we further conclude that the part of the Superior Court's order declaring the lease to be "voided and of no force or effect" goes too far.[3] Even if now vacated, the lease is not "void" in the sense that it is held an utter nullity from the outset as if never in existence. Rather, the lease did exist as an "operative fact" on which Spinney Creek could reasonably be expected to, and did, rely. *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374, 60 S.Ct. 317, 318, 84 L.Ed. 329 (1940), where the Supreme Court of the United States said:

> "The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity

---

**3.** The judgment reads in this regard:

"[U]nder 5 M.R.S.A. § 11007, subsection 4, the decision of the Commissioner as approved by the Council, is reversed, the granting of the lease is voided and of no force or effect."

may have to be considered in various aspects,—with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. ... [I]t is manifest ... that an all–inclusive statement of a principle of absolute retroactive invalidity cannot be justified."

*Cf. State v. Higgins*, Me., 338 A.2d 159 (1975); *Walker v. Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967); *Lemon v. Kurtzman*, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973).

■ These considerations are equally applicable when, as in this case, a lease is awarded and is later ascertained to have been awarded pursuant to proceedings violating statutory requirements. Rather than adjudicating the lease "void", and treating it as if it had never been in existence, the justice should have set aside the lease, and he should then have explored the question of fashioning an order to protect reliance interests that may have arisen because the lease had been in existence as an operative fact.

We therefore modify the judgment of the Superior Court accordingly, and we remand the case to that court for further proceedings in accordance with this opinion.

The entry shall be:

(1) Appeal denied;

(2) the judgment of the Superior Court is modified by deleting therefrom the words, "The granting of the lease is voided and of no further effect" and substituting in place thereof the words: "The lease is set aside and is without further effect;"

(3) as thus modified, the judgment of the Superior Court is affirmed;

(4) case remanded to the Superior Court for further proceedings in accordance with the opinion herein.

All concurring.