### UNITED STATES

v.

**Keith B. WASHINGTON, Staff Sergeant (E–6), U.S. Marine Corps.**

**NMCCA 200101011.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 June 2000.

Decided 18 May 2005.

Capt James Valentine, USMC, Appellate Defense Counsel.

LT Kathleen Helmann, JAGC, USNR, Appellate Government Counsel.

Before CARVER, Senior Judge, WAGNER, and REDCLIFF, Appellate Military Judges.

WAGNER, Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of carnal knowledge and indecent acts with a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934. The appellant was sentenced to a bad-conduct discharge, confinement for 9 years, and reduction to pay grade E–1. There was no pretrial agreement. The convening authority approved the sentence as adjudged.

The appellant contends that the findings must be set aside because a key Government witness was not administered an oath or its equivalent prior to testifying, that the evidence adduced at trial was legally and factually insufficient to sustain his conviction for both offenses, and that the sentence is inappropriately severe for the offenses of which he stands convicted. The appellant also asserts that the Government failed to exercise due diligence when it waited two years to bring the appellant to trial, that the trial defense counsel's failure to submit matters in clemency to the convening authority amounted to ineffective assistance of counsel, and that the military judge erred by not consolidating the offenses for findings purposes at trial.

After carefully considering the record of trial, the appellant's assignments of error, the Government's response, and the appellant's reply, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Failure to Administer Oath

■ The appellant contends that this court should dismiss the findings of guilty because the victim, "C," the appellant's 10–year–old daughter, was not placed under oath before her initial testimony at trial. We disagree and decline to grant relief.

C was called to the stand and answered several questions regarding truth and falsity, but, after being interrupted by the military judge, the trial counsel never completed the inquiry. Following C's testimony on direct examination, the trial counsel asked C if her testimony was the truth and then swore her to that testimony. The defense counsel, who raised no objection to the form of the oath or the procedure of the direct testimony, conducted an extensive cross-examination. The following day, C was recalled by the trial counsel, was once again properly sworn, and testified in amplification of her prior testimony.

MILITARY RULE OF EVIDENCE 603, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), requires that, before testifying, a witness "shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." The rule was written in this fashion "to permit atheists, conscientious objectors, children, and individuals with emotional difficulties to satisfy the basic criterion." STEPHEN A. SALTZBURG, ET AL., MILITARY RULES OF EVIDENCE MANUAL, § 603.02 (5th ed.2003).

The language of MIL. R. EVID. 603 recognizes the trend in federal civilian courts and military courts toward allowing all witnesses to testify and allowing the members to receive all arguably reliable evidence and decide for themselves what weight each piece of evidence is to be given. *United States v. Morgan*, 31 M.J. 43, 47 (C.M.A.1990)(citing SALTZBURG, MILITARY RULES OF EVIDENCE MANUAL 492 (2nd ed.1986)); *see also United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir.1982).

Assuming without deciding that, under the circumstances of this case, the aborted truth or falsity inquiry with C prior to taking her direct testimony was insufficient to satisfy MIL. R. EVID. 603, we conclude that the appellant forfeited the issue on appeal by his

**576**

failure to raise the issue at trial.[1]

The military courts have had the opportunity to address the sufficiency of the oath administered to child witnesses, but have not directly addressed the issue of not having the oath administered at all prior to testimony. *See Morgan,* 31 M.J. 43; *United States v. Allen,* 13 M.J. 597 (A.F.C.M.R.1982).

Federal courts, however, have addressed the issue directly and repeatedly, applying the doctrine of waiver[2] when no objection is made at trial.

> It is well settled that the swearing of a witness is waived by failure to raise the point during the witness' testimony, thus denying the trial court an opportunity to correct what has been characterized as an "irregularity." The rationale of this principle was declared a century and a half ago in the oft-cited case of *Cady v. Norton,* 31 Mass. 236, 14 Pick. 236, 237 (1833). The Court in that case stated two justifications for the rule: First, the defect or failure could have been corrected if a timely objection had been made; second, in the absence of a waiver rule counsel might deliberately avoid objecting to a witness being unsworn in order to have a ground of appeal.

*United States v. Odom,* 736 F.2d 104, 114–15 (4th Cir.1984) (footnote omitted). The *Odom* court cites *Wilcoxon v. United States,* 231 F.2d 384, 386–387 (10th Cir.1956) as the "leading federal case" applying the waiver principle laid down in *Cady.*

The facts in *Wilcoxon* bear out a similar application of the waiver doctrine in the case before us. In that case, witnesses who spoke no English were given the oath *en masse* with other witnesses, in English, prior to their testimony. No objection was lodged at trial. After trial, Wilcoxon's attorneys alleged that they did not discover the error until after trial. The court in *Wilcoxon* stated that the appellant and his attorneys knew the witnesses spoke no English and were under a duty to "take notice of the several steps in the proceeding." *Wilcoxon,* 231 F.2d at 387 (citing *People v. Krotz,* 341 Ill. 214, 172 N.E. 135 (1930)). The court went on to conclude that the appellant's failure to "bring the matter to the attention of the trial court in some manner" constituted waiver of the issue on appeal. *Id.* (citing *Beausoliel v. United States,* 107 F.2d 292 (D.C.Cir.1939)).

We conclude that the failure of the appellant in the present case to raise, at trial, the issue of sufficiency of the oath given to C, or to lodge objection to the procedure used to satisfy MIL. R. EVID. 603, forfeits the issue on appeal.

 Having applied the doctrine of forfeiture vice waiver in this case, we must further determine whether the failure to give a complete oath prior to direct testimony constituted plain error. In doing so, we apply the three-part test set out in *United States v. Powell,* 49 M.J. 460, 464–65 (C.A.A.F.1998):(1) whether there was error; (2) whether the error was plain or obvious; and (3) whether any prejudice resulted from the error. The failure of the trial counsel to administer a complete oath or affirmation prior to the direct testimony of C was error, but, in our judgment, not plain or obvious under the circumstances of this case. We also find no prejudice suffered by the appellant as a result of the manner in which the oath was administered, in light of the extensive cross-examination following administration of the oath and the witness's subsequent testimony under oath upon recall. We therefore decline to grant relief.

Even assuming, *arguendo,* that the issue was not forfeited by the appellant's silence at trial, we still would find no error under the

---

1. We purposely apply the doctrine of forfeiture in this case as opposed to the doctrine of waiver, although the result under either would be the same. It could be argued that the appellant affirmatively waived the issue by his silence at trial when both the trial counsel and the military judge addressed the issue with C in the presence of the appellant and his trial defense counsel. The trial judge stopped short of obtaining an express waiver from the appellant on the record, however, and the doctrine of forfeiture appears to us to be more applicable in this case.

2. Federal cases in this area use the term waiver to include both affirmative waiver of the issue at trial and forfeiture of the issue by failure to raise the issue at trial. For a concise discussion of the difference between the doctrines, see *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

circumstances of this case. Here, the witness was asked if she understood the difference between truth and falsehood prior to her direct testimony. She was sworn to that direct testimony prior to cross-examination and asked if her prior testimony was accurate. Also, she was properly sworn again when recalled for additional testimony later in the trial. Under these circumstances, this court is satisfied that the witness was testifying under an oath sufficient to "awaken the witness's conscience and impress the victim's mind with the duty" to testify truthfully. MIL. R. EVID. 603. Therefore, we decline to grant relief.

### Legal and Factual Sufficiency

▮ The appellant contends that the evidence was both legally and factually insufficient to sustain his conviction for carnal knowledge and indecent acts with a child. We disagree.

The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 M.J. 324–25, (C.M.A.1987); *United States v. Reed*, 51 M.J. 559, 561–62 (N.M.Ct.Crim.App.1999), *aff'd*, 54 M.J. 37 (C.A.A.F.2000); *see also* Art. 66(c), UCMJ.

The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses, as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325; *see also* Art. 66(c), UCMJ.

In this case, the appellant's averments on appeal are nothing more than a restatement of the arguments made by trial defense counsel at the close of the case on the merits regarding the length of time between the alleged incidents and the beginning of trial, the number of interviews that the child witness had undergone, the improbability that the acts occurred at all based on the physical evidence or lack thereof, and the inconsistencies in the testimony of the child witness and her mother. The appellant further asserts that there was no evidence presented at trial regarding vaginal penetration on the morning of the alleged incident.

A careful reading of the record of trial discloses that sufficient evidence of each and every element of both offenses was presented to the members through testimony and other evidence adduced at trial. C testified that the appellant had touched her "private parts" on more than one occasion prior to, or on the morning of, the alleged incident. She further testified that he had, on a number of those occasions, placed his "private part" inside her "private part," referring to the groin area of the male and female anatomy. The appellant's wife testified that, on the morning of the incident, she found the appellant in bed and under the bed covers with C, with his penis exposed and partially erect. She further testified that C was nude, with her underwear lying at the foot of the bed, and that the appellant was lying in a "spooned" position with C. Additional testimony from the appellant's mother-in-law corroborated the timeline and general account of the events of that morning.

The defense, at trial, attempted to discredit the testimony of the three principal Government witnesses through cross-examination focused on a suggested motive to fabricate and minor inconsistencies between their testimony and prior statements. The defense also presented expert testimony regarding the issue of fabrication in child witnesses through suggestive reinforcement during repeated interviews prior to trial. The members heard all the testimony and received all the evidence, asking numerous questions of their own during the course of the trial.

The court is convinced beyond a reasonable doubt, based on the evidence presented at trial, of the appellant's guilt of both the offense of carnal knowledge and the offense of indecent acts with a child. Therefore, we decline to grant relief.

### Sentence Severity

The appellant claims that his sentence consisting of a bad conduct discharge, confinement for 9 years, and reduction to pay grade E–1, is too severe in light of the offenses for which he stands convicted. After reviewing

the entire record, we find that the sentence is appropriate for this offender and his offenses. *See United States v. Healy,* 26 M.J. 394, 395 (C.M.A.1988); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982). We therefore decline to grant relief.

### Remaining Assignments of Error

We have reviewed each of the appellant's remaining assignments of error and find them lacking in merit.

### Conclusion

Accordingly, we affirm the findings and sentence approved by the convening authority.

Senior Judge CARVER and Judge REDCLIFF concur.