THOMAS W. HUBBELL v. CHARLES W. GRANT, ELECTA GRANT ET AL.

THOMAS NESTER v. CHAS. W. GRANT, ELECTA GRANT ET AL.

*Judgment creditor's bill—Responsive answer—Waiver of rule excluding husband's testimony as against wife—Comp. L., § 5969.*

A judgment creditor's bill, filed to reach property acquired by the debtor's wife under various transfers made by him, called for answers under oath. The wife denied that any of the transfers made were to hinder or defraud creditors of her husband or of the firms to which he belonged, or to shield any of his property, and averred that at the time of the conveyances she believed her husband and the firms to be solvent. The answer was *held* responsive, and not being excepted to was sustained, though it would have been well to set forth in detail all circumstances connected with the transfers made.

The statutory rule that a husband may not testify against his wife without her consent, cannot be waived in her absence by the mere omission of her attorney to object to the testimony.

39 MICH.—81.

Appeal from Saginaw. Submitted October 17. Decided November 21.

JUDGMENT CREDITORS' BILLS. Complainants appeal.

*Durand & Paine* for complainants.

*John J. Wheeler* for defendants Grant and Yawkey.

MARSTON, J. These cases being in substance alike, were heard as one case, and will thus be disposed of.

A question was raised on the argument which will first be considered, and which may obviate any examination upon the merits. The bill calls for an answer upon oath. Charles W. Grant, Electa Grant his wife, and Mary C. Yawkey severally answer under oath, and each deny any and all fraud in the transfers of the property sought to be reached.

Electa Grant admits in her answer that certain transfers of property were made and that she acquired the title to certain property thereunder and thereby. She sets forth the consideration for some of the conveyances made. As to what consideration she paid she is silent, in so far as the principal transaction is concerned. She denies that any of the transfers were made to cheat, hinder, delay or defraud any of Grant's creditors, or creditors of the firms of which he was a member, or to cover up any of his property from any of said creditors, or for the benefit of said Charles W. Grant solely, and avers that at the time of the conveyances she believed her husband and the firms to which he belonged were solvent and able to pay their debts. .

This, her answer, is responsive to the bill. True, she might have set forth more fully and in detail all the facts and circumstances connected therewith, but the answer was not excepted to; the complainant appears to have been satisfied with it, filed a replication thereto, and took proofs in the case.

The evidence relied upon by complainant, and without which it is not claimed he could succeed, to establish his claim to the relief sought, was that of Charles W. Grant. He was sworn by and on behalf of the complainant, and examined fully in reference to the financial conditions of the firms of which he was a member,—to the consideration for the several conveyances made, and indeed very fully in reference to all the transactions likely to throw light upon the questions in dispute. Mrs. Grant was not sworn. Mrs. Yawkey was also sworn. As against her, complainant is not entitled to relief, and that portion of the case we do not discuss.

Sec. 5969 of the Compiled Laws provides that the husband shall not be examined as a witness, for or against his wife without her consent. No consent was given in this case, and unless we can say that because no objection was made by Mrs. Grant to the examination of her husband, she thereby waived the benefit of this provision, his testimony as against her cannot be considered, and complainant must therefore fail. It does not appear that Mrs. Grant was present during the examination or any part thereof, so that the failure to object, and a waiver thereby, must have been that of her attorney or solicitor in the case. The reason of the rule for excluding either husband or wife from being witness in a cause in which the other was a party, was so strong that according to Prof. Greenleaf, it could not be relaxed even by consent;—that the public had also an interest in the preservation of domestic peace, which might be disturbed by the testimony, notwithstanding the consent. 1 Greenleaf's Ev., § 340. If then the rule was so strict at common law, and our statute has so far relaxed it that by consent they may be examined, can it mean, that an actual assent is not necessary, but that consent may be implied from the mere silence of the other party, or that of her solicitor in her absence? We are of opinion that this would be carrying the relaxation of the rule to an extent not contemplated by the Legisla-

ture.    There may be cases where both parties are present, and one is called as a witness, where a failure to object might be deemed a waiver, but in the absence of such party we are of opinion that her solicitor's silence could not supply the place of her actual consent.

There is another reason why a failure to object should not have the force of rendering Mr. Grant's evidence admissible as against his wife.    She was not the sole defendant.    As against himself and all the other defendants his evidence was competent.    To that extent it might well be admitted, and counsel might well suppose that there was no intention to use it for any other purpose, and certainly not for the purpose of overcoming the sworn answer of Mrs. Grant.

As against Mrs. Grant, the testimony of her husband cannot be considered.

It follows therefore that the decree below, in each case, must be affirmed with costs.

The other Justices concurred.