No. 11,827.

## SHEEKS v. SHEEKS.

VERDICT.—*Name.*—*New Trial.*—*Harmless Error.*—Where a verdict is returned in proper form, but, by mistake of the judge in reading it, a wrong Christian name is pronounced, and, thus read, the jury assent to it, no cause for a new trial occurs.

WITNESS.—*Oath.*—*New Trial.*—*Harmless Error.*—That a witness has testified without being sworn is no cause for a new trial, unless it appears that the counsel of the party against whom the witness testified was not guilty of *laches* in permitting the witness to testify, and that the evidence of the witness was material and not true.

From the Lawrence Circuit Court.

*J. E. Henley, M. F. Dunn* and *G. G. Dunn,* for appellant.
*G. W. Friedley* and *E. Pearson,* for appellee.

HAMMOND, J.—Appellee, Hugh Sheeks, filed his statement in writing in the court below, alleging that appellant, John Sheeks, was of unsound mind. The issue, made by general denial filed by the clerk, was tried by a jury and a verdict returned as follows:

" We, the jury, find the said John Sheeks is a person of unsound mind and incapable of managing his own estate.

                    (Signed)     " B. H. POTTER, Foreman."

Judgment, over the appellant's motion for a new trial, was

rendered upon the verdict, followed by the appointment of a guardian to take charge of the person and estate of the appellant.

The questions considered will be confined to those discussed in appellant's brief.

The jury returned into open court, in the presence of counsel for appellant, the verdict above set out, informing the court, in response to the court's inquiry, that they had agreed upon a verdict. They then passed the verdict to the judge presiding, who, in reading it, inadvertently read the appellant's name as *David,* instead of *John,* Sheeks. After thus reading it, the judge asked the jury if that was their verdict? They replied that it was, and were then discharged. No objection appears to have been made to the form in which the verdict was read until the filing of the motion for a new trial.

There is no question but that the verdict, as returned by the jury, and to which they assented in open court, was the one which was received and recorded. It does not appear, nor can we conceive, how appellant was in any way injured by the mere *lapsus linguæ* that occurred in reading his Christian name as *David* instead of *John.* An occurrence so trifling and harmless assuredly can not be seriously considered as good ground for a new trial.

It was also assigned as a reason for a new trial that a witness who testified for the appellee was not sworn, and that this fact was not discovered by appellant or his counsel until after the trial.

It does not appear that appellant or his counsel might not, by proper attention, have discovered that the witness was not sworn in time to object to her evidence upon that account. Nor does it appear that her evidence was not true. Upon a new trial it may be inferred that she would give the same testimony. It does not appear, therefore, that a new trial, in order to permit her to give her evidence under oath, would probably result in a different verdict. Witnesses should be

sworn before testifying; but where it is discovered after trial, that they have not been sworn, a new trial upon that account should not be granted except upon showing that their evidence was material and not true, and that the party against whom they testified was guilty of no laches in permitting them to testify without being sworn.

The motion for a new trial was properly overruled. Affirmed, with costs.

Filed Nov. 15, 1884.