Leach *v.* Ackerman.

a punishment juries can not administer any such by adding vindictive damages. *Moyer* v. *Gordon,* 113 Ind. 282.

We think the court correctly stated the law in the instructions given to the jury, and the instruction asked for by the appellant stated but one phase of the law as applicable to this case.

These were all the causes assigned for a new trial.

The only remaining specifications of error are the fifth and sixth.

In these it is complained that the court erred in refusing to give a special instruction asked for by appellant, and giving one of its own motion over the objection and exception of appellant.

Such an assignment can not avail the appellant. The action of the court, to present any question therein, should have been assigned as a cause for a new trial.

We find no available error.

Judgment affirmed.

Filed June 13, 1891.

------

### No. 138.

### LEACH *v.* ACKERMAN.

PRACTICE.—*Failure to Swear Witness.—Record.—New Trial.*—Where a witness testifies without having been sworn, but it does not appear in the record that the party against whom the testimony was given and his attorney were not aware of the mistake in time to have it corrected, a new trial will not be granted on account of such omission.

MISCONDUCT OF COUNSEL.—*Argument.—Practice.*—Where counsel is guilty of misconduct, and the opposing party at the time objects, and the court does all in its power to relieve the party injured from the consequences of such misconduct, no question can be presented to this court unless the injured party moves to discharge the jury.

From the Knox Circuit Court.

*J. T. Beasley, A. B. Williams, G. G. Reily* and *C. E. Barrett*, for appellant.

*W. A. Cullop, C. B. Kessinger, W. S. Maple, G. W. Buff* and *J. S. Bays*, for appellee.

BLACK, J.—In an action for damages for assault and battery, a jury returned a verdict against the defendant, the appellant.

In his motion for a new trial he assigned, as an irregularity in the proceedings of the court, in the trial of the cause, and again as misconduct of the plaintiff in said cause, that a certain witness produced by the plaintiff testified to matters material to the issue in favor of the plaintiff, without having been sworn as such witness, and without the defendant knowing that he had not been sworn as such witness.

Following the motion for a new trial, in the transcript, are a number of affidavits, but they are not made part of the record by bill of exceptions, or order of court. There is a bill of exceptions, but it does not contain any affidavits. It is stated in the bill that at the time said witness testified as such no inquiry was made as to whether he had been sworn as a witness, and that he was examined without being sworn, " as shown by his affidavit herein, but without the court being apprised of the fact."

In *Slauter* v. *Whitelock,* **12** Ind. 338, a bill of exceptions stated that a certain witness (who had testified upon a material matter) " by mistake, was not sworn, but stated and gave in his evidence without being sworn." The record did not show when the mistake was discovered.

The court said that if the mistake was known before the jury retired it could have been corrected by swearing the witness and rehearing the evidence, or, if that course were not taken, by an instruction to the jury to disregard the statements of the witness; that if no motion was made upon the discovery by either party, it would amount to an acquiescence in the reception of the statements of the witness as

Leach *v.* Ackerman.

evidence. And, under the condition of the record, the court presumed, in favor of the action on the motion for a new trial, that such a state of facts existed as authorized that action.

In *Sheeks* v. *Sheeks*, 98 Ind. 288, it was held that where it is discovered after trial that a witness who testified on the trial was not sworn, a new trial should not be granted upon that account without a showing that his evidence was material and not true, and that the party against whom he testified was not guilty of laches in permitting the witness to testify without being sworn. See, also, *Stroup* v. *State, ex rel.*, 70 Ind. 495.

In the case before us the record does not show when the fact that the witness was not sworn was discovered by any of the parties or attorneys, or by the court. It does not appear that the appellant or his attorneys had not information on the subject in time to have called the attention of the court to the matter upon the trial. The record does not show that any one connected with the trial, except the court, did not know at the time the witness was giving testimony that he was not sworn. The appellant can not be permitted to avail himself of such an omission without showing that he and his attorneys did not know of it on the trial. If he had shown in the record that information concerning the omission was first obtained after the trial, it would have been necessary also to show such circumstances as to indicate that by proper attention the discovery could not have been made on the trial, and, further, that the granting of a new trial would probably result in a material change in the evidence. We can not look into the affidavit of the witness to which reference is made in the bill of exceptions, to see whether he denied therein the truth of his testimony, or stated that he would testify differently upon another trial.

The only other grounds stated in the motion for a new trial to which counsel direct their argument, relate to certain remarks of one of the attorneys for the appellee.

It is shown by the bill of exceptions that on the trial, after the evidence had been heard, and while one of the attorneys for the appellant was arguing the cause before the jury, one of the attorneys for the appellee interrupted the speaker and made certain remarks in which reference was made to the fact that the appellant had taken the cause by change of venue from the county where both the parties lived. Thereupon the appellant's attorneys objected, upon the ground that the statement was improper, and ought not to be made; and the court remarked that the statement was improper, and the jury had nothing to·do with the change of venue, and that the jury should not take into consideration anything that may have been said on that subject.

Afterward said attorney for the appellee, in the course of his closing argument before the jury, made reference again to the change of venue. Thereupon appellant's attorneys objected, and the court remarked that said statement ought not to be made; that it was out of order, and that the jury had nothing to do with that matter; that there was no issue of that kind to be passed upon by the jury in the cause; and that they must not consider the same in making up their verdict.

Whatever may be thought of a yielding by an attorney to the temptation to seek an advantage by reference to such a matter in argument before a jury, the repetition of the offence, after proper correction by the court, can not be regarded as other than unfair and discourteous, as well as unskilful; and it should be strongly condemned by all whose duty it becomes to comment upon it.

It appears in this case that the court responded adequately to the objections made.

It does not appear that the court refused or failed to do anything requested by the appellant for the correction of the wrong, or omitted any duty in the premises.

In the motion for a new trial the use of the language first objected to was assigned as " misconduct of the plaintiff in

the trial of said cause," and the second offence was assigned as "misconduct of plaintiff's attorney," named, "in the argument of said cause."

The question presented here is not whether the court in its discretion might have granted a new trial for the reasons stated in the motion, but our decision is required as to whether the court erred in overruling the motion.

Where a party at the trial knows of any irregularity or misconduct of the adverse party on the trial, and makes no objection concerning it during the trial, he can not make it available error by assigning it in a motion for a new trial. Here the appellant did object at the time of the misconduct. By his objections he secured all that was sought for by them; at least he took no exception to the action of the court upon his objections; and, so far as this court is concerned, it must be assumed that he was satisfied with the court's action on the trial.

The rulings upon his objections could not be made available as grounds for a new trial, and he did not assign them. There was nothing in the premises that could be made available by motion for a new trial as error of the court.

If the appellant considered that, notwithstanding what had been done by the court in response to his objections, the injury which such misconduct tended to produce was not sufficiently guarded against, was it necessary for him to take some further action, and to assign in his motion for a new trial a failure or refusal of the trial court relating to such further action, in order to obtain on appeal the interference of this court in his behalf?

In *Grubb* v. *State*, 117 Ind. 277 (283), the court said: "Where counsel is guilty of misconduct, and the opposing party, at the time, objects, and the court, upon being asked to do so, neglects or refuses to take action in the matter, or to repair the injury to the satisfaction of the injured party, he can except and bring the question to this court. But in such cases, if the court does all in its power to relieve the

party injured from the consequences of such misconduct, there is no action of the court to which an exception can be taken, and consequently nothing to be reviewed in this court. In such cases, if the injured party thinks that the injury is of such a character that it can not be repaired by any action of the court, he should move to set aside the jury, or take such other steps as he may think will secure to him a fair and impartial trial. If he fails to do this, and permits the case to proceed to final determination, he must be deemed to have waived all questions arising out of such misconduct."

In *Staser* v. *Hogan*, 120 Ind. 207 (222), it was said: "It is now settled that in order to save any question in relation to the misconduct of counsel during the progress of the trial, the court must be called upon to correct the injury done; if the court refuses to do so the party injured may except, and thus save the question involved for the consideration of this court. If the court does all in its power to correct the injury, no question can be presented to this court unless the injured party moves to discharge the jury."

In *White* v. *Gregory*, 126 Ind. 95, it was said: "A party who considers that any one connected with a trial has been guilty of such misconduct that no ruling, instruction, or admonition of the court can repair the injury, must move to set aside the submission and withdraw the jury, or take such other steps as he may deem necessary to secure an impartial trial." See, also, *Coleman* v. *State*, 111 Ind. 563; *Kern* v. *Bridwell*, 119 Ind. 226; *Coble* v. *Eltzroth*, 125 Ind. 429.

These cases seem to furnish a rule applicable to the facts of the case before us. The court having done all it was called upon by the appellant to do on the trial, we, under these authorities, can not hold that it erred in refusing to grant a new trial because of the misconduct of counsel.

The judgment is affirmed, with costs.

Filed June 23, 1891.