## POOLEY v. STATE OF INDIANA

[No. 17,342.   Filed August 31, 1945.   Rehearing Denied September 21, 1945.   Transfer Denied November 1, 1945.]

200

*Robert A. Buhler,* of Ft. Wayne, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

CRUMPACKER, P. J.—The appellant was charged in the juvenile court of Allen County with contributing to the delinquency of his foster daughter Janet Pooley, a child six years of age, and upon his plea of not guilty was tried and convicted. He was sentenced to serve 180 days at the Indiana State Farm and fined in the penal sum of $500.00. This appeal is prosecuted by virtue of § 9-2858, Burns' 1942 Replacement, § 1772, Baldwin's 1934, which provides as follows: "An appeal to the Appellate Court shall lie from any decision and judgment of the juvenile court, except where there has been a plea of guilty. The party appealing shall file a transcript in the office of the clerk of the Supreme Court within thirty (30) days from the date of the rendition of the judgment appealed from. It is hereby made the duty of the judge of the juvenile court, when such an appeal is prayed, to certify the facts of the case in the form of a special finding, and the Appellate Court shall pass on the sufficiency of such facts to sustain the judgment rendered. In case the party appealing questions the sufficiency of the evidence to warrant the findings thus made by the court, such evidence shall be incorporated in a bill of exceptions filed in said juvenile court and made a part of the record. The special findings and not the informal complaint shall be considered as the basis of the judgment rendered, and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient. An assignment of error that the decision of the juvenile court is contrary to law shall be sufficient to present

both the sufficiency of the facts found to sustain the findings."

The transcript of the record filed in this court consists of (1) certified copies of all pleadings, motions and other papers filed below together with all orderbook entries of the juvenile court of Allen County in connection with the case; (2) certified facts of the case in the form of a special finding made and duly authenticated by the judge of said court; and (3) a bill of exceptions containing the evidence given at the trial. No reporter having been called by the court or demanded by either party, a long-hand transcript of the evidence was not available and the bill of exceptions above referred to consists of an agreed statement, in narrative form, of the substance of all the evidence adduced at the trial.

The appellant's assignment of errors asserts that the decision of the court is contrary to law. As specifically provided by the above statute, this assignment questions both the sufficiency of the evidence to warrant the facts as specially found by the court and the sufficiency of the facts so found to sustain the judgment rendered.

The appellant first contends that the bill of exceptions containing the evidence affirmatively discloses that none of the witnesses who testified for the State were sworn either before or during the progress of the trial as required by § 2-1711, Burns' 1933, § 299, Baldwin's 1934. Therefore, the appellant says, the testimony given by each of the State's witnesses must be wholly disregarded and there remains no evidence to sustain the court's special findings of fact.

The statutory requirement that "Before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth," § 2-1711, Burns' 1933, § 299, Baldwin's 1934, *supra,* can be waived by the parties and if no objection is

made to a witness testifying without being so sworn such waiver will be presumed. "Unless the party objecting thereto can and does show that he was not guilty of laches in permitting a witness to testify without being sworn, and that the testimony of the witness was false on some material matter at issue, a new trial will not be awarded because of such irregularity." Watson's Works Practice, Vol. II, § 1507, p. 179; *Slauter* v. *Whitelock* (1859), 12 Ind. 338; *Stroup, Administrator* v. *State ex rel. Fitch* (1880), 70 Ind. 495; *Sheeks* v. *Sheeks* (1884), 98 Ind. 288; *Leach* v. *Ackerman* (1891), 2 Ind. App. 91, 28 N. E. 216. We have searched the record before us and nowhere does it appear that the appellant made any objection to any witness in the case testifying without first having been sworn nor did the appellant make any attempt whatever to excuse his laches in making the objection he now seeks to interpose in this court for the first time.

The appellant next seeks to eliminate the testimony of Janet Pooley because, at the time such testimony was taken, she was a child under 10 years of age and disqualified as a witness unless it appeared that she understood the nature and obligation of an oath, § 2-1714, Burns' 1933, § 303, Baldwin's 1934. No *voir dire* examination of the child appears in the bill of exceptions, which is certified as containing all of the evidence taken at the trial. Therefore, the appellant insists that we must conclude there was no such examination and that the trial court abused its discretion in receiving the child's testimony without first having satisfied itself that she understood the nature and obligation of an oath. Here also the appellant failed to object when the witness was offered and there is no showing as to why he failed to do so.

It has been held that, if a witness is by statute de-

clared incompetent to testify, his testimony should be disregarded both by the trial court and the appellate court, whether his testimony has been objected to or not. *Withers* v. *Sandlin* (1902), 44 Fla. 253, 32 So. 829; *Edwards* v. *Rives* (1895), 35 Fla. 89, 17 So. 416; *Hubbell* v. *Grant* (1878), 39 Mich. 641; *Johnson* v. *State* (1923), 95 Tex. Cr. 483, 255 S. W. 416. This, however, is not the majority rule and the overwhelming weight of authority indicates that "the question of the competency of a witness to testify, whether the objection is based on the ground of interest, relationship, infamy, or want of credit, *incapacity to understand the nature of an oath*, death of one of the parties to a contract, or other ground, comes too late when raised for the first time in the appellate court." (Our italics.) 3 C. J., Appeal and Error, § 740, p. 828, and cases cited. Indiana seems to be in line with the majority rule. From *Denbo* v. *Wright, Adm'r.* (1876), 53 Ind. 226, 227, we quote the following: "It is also claimed that the court erred in permitting the administrator to testify as a witness in his own behalf, without having been required to testify by the opposite party or the court. This was erroneous, but the appellant is in no condition to avail himself of such error. It is expressly stated in the bill of exceptions, that he was permitted to testify without objection or exception on the part of the appellant. Nor does it appear that any motion was made to reject or strike out such evidence. The error was waived." To the same effect are *Bartlett, Executor* v. *Burden* (1894), 11 Ind. App. 419, 422, 39 N. E. 175, and *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 584, 94 N. E. 236. Unless the competency of the witness is questioned in the trial court, it cannot be questioned on appeal. *Bingham* v. *Walk* (1891), 128 Ind. 164, 173, 27

N. E. 483; *Hines* v. *Consolidated Coal and Lime Co.* (1902), 29 Ind. App. 563, 569, 64 N. E. 886.

Finally the appellant contends that the entire testimony of the witness Alma Belot cannot be considered in support of the trial court's special findings of fact and its decision based thereon because it is pure hearsay. That such testimony is largely hearsay must be conceded. It consists of conversations had with the appellant's wife and the prosecuting witness, Janet Pooley, in the appellant's absence and not within his hearing or presence. Nowhere, however, does it appear that the appellant made any objection to the admission of this testimony and it is well settled in this jurisdiction that a fact may be established by incompetent evidence, if relevant and material, where it is received without objection. *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824; *Wagner* v. *Meyer* (1913), 53 Ind. App. 223, 101 N. E. 397. As against the single assignment of error that the decision of the court is contrary to law it makes little difference whether this evidence is considered or not as there is ample evidence in the record to sustain the court's special findings without it and the facts so found unquestionably warrant the decision rendered.

The statute under which this appeal is prosecuted obviates the necessity of a motion for a new trial in order to present the question of the sufficiency of the evidence to sustain the verdict of the jury or the decision of the court, as is the rule in appeals from the judgments of courts of general jurisdiction in criminal and civil cases. Sec. 9-2858, Burns' 1942 Replacement, § 1772, Baldwin's 1934, *supra,* provides that no "judgment (of a juvenile court) shall be reversed except as the finding of facts or evidence to sustain the

same shall be found by the Appellate Court to be insufficient." This limitation on our jurisdiction to review the judgments of juvenile courts was recently declared an unconstitutional denial of due process and in such instance we considered and decided all questions presented by the assignment of errors. *Montgomery* v. *State* (1944), 115 Ind. App. 189, 57 N. E. (2d) 943. It may be that the appellant, believing that the judgment from which he appeals could be reviewed only as to the sufficiency of the finding of facts or evidence to sustain the same, made no effort to perfect a record presenting questions as to the qualification of witnesses or the admissibility of evidence. However that may be, our decision must rest on the record as we find it and on that basis the judgment must be affirmed.

NOTE.—Reported in 62 N. E. (2d) 484.