**Elverna Yevonne Clairmont BACIAR-ELLI, Plaintiff-Appellant,**

v.

**Rogers C. B. MORTON, Defendant-Appellee.**

**No. 71–2975.**

United States Court of Appeals, Ninth Circuit.

July 16, 1973.

Rehearing Denied Aug 15, 1973.

---

Roderic Duncan, of Lempres, Duncan, & Morgan, Oakland, Cal., for plaintiff-appellant.

Kent Frizzell, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James L. Browning, U. S. Atty., David E. Golay, Asst. U. S. Atty., San Francisco, Cal., Robert S. Lynch, Henry J. Bourguignon, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before KOELSCH, TRASK and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

Appellant Baciarelli was born in 1936 to enrolled members of the Confederated Salish and Kootenai Tribes (Tribes). Two unsuccessful attempts to enroll appellant in the Tribes were made in 1947 and 1950. In 1960 the membership provisions of the tribal constitution were amended creating categories for future membership and adoption.[1] Once more

---

1. Article II of the tribal constitution includes the following membership provisions:

*Section 3. Future Membership.*

Future membership may be regulated from time to time by ordinance of the Confederated Tribes subject to review by the Secretary of the Interior. Until and unless an ordinance is adopted any person shall be enrolled as a member who shall (a) apply, or have application made on his behalf, establishing eligibility under this provision; (b) show that he is a natural child of a member of the Confederated Tribes; (c) that he possesses one-quarter (¼) degree or more blood of the Salish or Kootenai Tribes or both, of the Flathead Indian Reservation, Montana; (d) is not enrolled on some other reservation.

*Section 4. Adoption.* The Tribal Council shall have the power to enact and promulgate ordinances, subject to review by the Secretary of the Interior, governing the adoption of persons as members of the Confederated Salish and Kootenai Tribes.

Ordinance 35–A contains the following procedures:

*Ordinance 35–A* . . .

A. *Procedure for enrollment under Article II, Section 3 of the Constitution—* The applicant, or the next friend of the applicant if applicant is too young to act on his own behalf, must:

(1) Make formal application to the Tribal Council requesting enrollment as a member of the Confederated Tribes;

(2) Show that he (or she) is a natural child of a member of the Confederated Tribes, giving necessary data on such parent;

in 1967 Baciarelli applied for enrollment, but the Tribal Council again rejected her application. The Area Director of the Bureau of Indian Affairs declared appellant eligible under the future membership category, but the decision of the Tribal Council was reinstated by the Secretary of the Interior. The Secretary ruled that the future membership category applies only to persons born after May 5, 1960. The district court upheld the decision of the Secretary. We affirm.

■ ■ An Indian tribe has complete authority to determine tribal membership except in specific instances. The Secretary has jurisdiction to determine tribal membership for the purpose of distributing federal trust assets. 25 U.S.C. § 163; Martinez v. Southern Ute Tribe of Southern Ute Res., 249 F.2d 915, 920 (10th Cir. 1957), cert. denied, 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067 (1958); Fondahn v. Native Village of Tyonek, 450 F.2d 520, 522 (9th Cir. 1971). We must determine whether the Secretary's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2) (A); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ Although Baciarelli appears to meet the literal requirements of the future membership category, the membership provisions are ambiguous. "Future Membership" may refer only to persons born after the date of the amendment to the tribal constitution (May 5, 1960), or it may refer to all membership applications filed after that date regardless of the applicant's date of birth.

The record reveals that during a Tribal Council meeting the Tribes' attorney stated that persons born prior to the constitutional amendments could be enrolled only by adoption. The attorney had played a significant role in drafting the amendments. More important, the purpose of the 1960 amendments was to confirm then existing membership rolls and enact valid provisions for future membership. The Tribes did not intend to expand membership.

The Secretary was empowered to construe the membership requirements of the tribal constitution. The Secretary's determination that the future membership provisions apply only to persons born after May 5, 1960 is not arbitrary or capricious.

The decision of the district court is affirmed.

(3) Show that he (or she) possesses one-quarter degree or more blood of the Salish or Kootenai Tribes, or both, of the Flathead Indian Reservation, Montana;
(4) Show that he (or she) is not enrolled on some other reservation.
B. *Procedure for enrollment by adoption under Article II, Section 4 of the Constitution—*
The applicant must:
(1) Make formal application to the Tribal Council requesting enrollment by adoption as a member of the Confederated Tribes;
(2) Establish one of the following:
(a) Show that he (or she) was eligible at birth for enrollment under the provisions of Article II, Section 1(b) of the Constitution as it existed prior to amendment, and that he (or she) *was born prior to May 4, 1960. That is, the applicant must show that he (or she) was born to a member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation who was a resident of the Reservation at the time of his or her birth. Resident means actual residence within the boundaries of the Flathead Reservation . . . Absence from the Reservation for work, including war work, does not constitute temporary absence under this provision . . .* (Emphasis added).
C. *General Provisions.*
(1) The Tribal Council must pass on adoptions before they are lawful, a majority of the quorum voting for the motion.