Walter L. SWEET, Appellant,

v.

STATE of Indiana, Appellee.

No. 784S268.

Supreme Court of Indiana.

Oct. 14, 1986.

George J. Lewis, Ronald R. Pritzke, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from eight drug related convictions. A jury tried the case. Appellant received sentences with a total executed time of thirty-two years.

Appellant raises ten issues on appeal: (1) whether the trial court erred in permitting witness Saunders to testify without being sworn to tell the truth; (2) whether the trial court erred in granting the State's Motion in Limine which prohibited him from employing a prior conviction to impeach witness Saunders; (3) whether the trial court erred in prohibiting him from cross-examining witness Saunders as to prior drug usage; (4) whether the trial court erred in permitting testimony about uncharged drug transactions; (5) whether the trial court erred in permitting the State to

cross-examine his alibi witness about the witness' daughter's drug conviction as a source of bias; (6) whether he was denied a fair trial because certain jurors observed him in handcuffs; (7) whether the trial court erred in permitting the prosecutor to make improper comments during closing arguments; (8) whether the trial court erred in denying his second Motion for New Trial which was based on juror misconduct; (9) whether the cumulative effect of the alleged previous errors denied him a fair trial; and (10) whether the trial court supported the enhanced sentences and consecutive sentences with sufficient reasons.

## I

Appellant argues that the trial court erred in permitting witness Saunders to testify without having been sworn to tell the truth. In an affidavit the court reporter declared that she examined all the testimony and that she did not discover any statement or comment which would indicate that the witness had been sworn. Neither the trial court, the prosecutor nor defense counsel realized that the witness had not been sworn until after the end of the trial. When appellant discovered the error, he filed a Motion to Set Aside the Verdict and a Motion for a New Trial. He also included the issue in his Motion to Correct Errors.

The administering of oaths is governed by I.C. § 34-1-14-2:

> 34-1-14-2 [2-1711]. Oath-Mode of administering.—Before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administering an oath shall be such as may be most consistent with, and binding upon the conscience of the person to whom the oath may be administered. [Acts 1881 (Spec. Sess.), ch. 38, § 272, p. 240.]

However,

> The statutory requirement that "before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth," Sec. 299, Baldwin's 1934, supra, can be waived by the parties and if no objection is made to a witness testifying without being so sworn such waiver will be presumed. "Unless the party objecting thereto can and does show that he was not guilty of laches in permitting a witness to testify without being sworn, and that the testimony of the witness was false on some material matter at issue, a new trial will not be awarded because of such irregularity." Watson's Works Practice, Vol. 11, Sec. 1507, p. 179, *Slauter v. Whitelok*, 1859, 12 Ind. 338; *Stroup, Adm'r v. State ex rel. Fitch et ux.*, 1880, 70 Ind. 495; *Sheeks v. Sheeks*, 1884, 98 Ind. 288; *Leach v. Ackerman*, 1891, 2 Ind.App. 91, 28 N.E. 216.

*Pooley v. State* (1945), 116 Ind.App. 199, 62 N.E.2d 484, 485. Here, there was no objection; consequently, appellate review is foreclosed. Furthermore, there is no contention that the witness was not sworn during the first trial. Since any substantial deviation from his testimony in the first trial would have subjected him to impeachment for inconsistent statements, and since the trial atmosphere and courtroom conditions would have imposed a degree of constraint upon him to speak the truth, the irregularity did not result in harm.

## II

Appellant argues that the trial court erred in granting the State's Motion in Limine which prohibited him from employing a prior conviction to impeach witness Saunders. He contends that the prior conviction was either a burglary or a lesser included offense of theft. The witness admitted in a hearing outside the presense of the jury that the prior conviction was "entering to commit a felony, to-wit: theft." During cross-examination, appellant moved to lift the Motion in Limine. The trial court denied this motion. During the hearing on the Motion to Correct Errors, appellant submitted the commitment order for the disputed felony. The commitment order identified the felony as second degree burglary.

"[F]or the purpose of impeaching the credibility of a witness ... only those convictions for crimes involving dishonesty or false statement shall be admissible ... However, this Court is bound by I.C. 1971, 34-1-14-14, (Ind.Ann.Stat. § 2-1715 [1968 Repl.]), which permits impeachment by showing prior convictions for crimes which would have rendered a witness incompetent. Those crimes are: treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and willful and corrupt perjury."

*Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210.

"[P]roof of prior theft convictions are admissible for impeachment purposes under that portion of Ashton which allows proof of crimes involving 'dishonesty or false statement.' At the same time we recognize that our holding herein may allow admission of some theft convictions which arise from factual situations which do not indicate a lack of veracity on the part of the witness. In such cases, we believe that counsel should make such facts known to the court through a pretrial motion in limine, supported by appropriate affidavits, thereby allowing the court the opportunity to exclude, in its discretion, any reference to such prior conviction."

*Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771, 774, 775; See also *Winegar v. State* (1983), Ind.App., 455 N.E.2d 398; *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 317. Proof of a prior conviction for a lesser included offense of theft may also become admissible for impeachment purposes. See *Winegar, supra* at 401; see also *Burkes v. State* (1983), Ind., 445 N.E.2d 983.

■ Here the State showed by affidavit in support of its Motion in Limine that the disputed offense, although arguably attempted theft, was not the type of theft offense which bespeaks a lack of veracity. Consequently, the trial court did not err in prohibiting its use for impeachment.

### III

Appellant argues that the trial court erred in prohibiting cross-examination as to witness Saunders' prior drug usage. He claims that the State "opened the door" by asking the witness questions on direct examination which concerned the witness' knowledge of illegal drugs. He also claims that he had a right to inquire whether prior drug usage influenced Saunder's perceptive abilities during the controlled buys.

■ The right of full, adequate and effective cross-examination is fundamental and essential to a fair trial. *Haeger v. State* (1979), 181 Ind.App. 5, 390 N.E.2d 239.

"Subject to the limitation that the cross-examination of a witness must be limited to the subject matter of his examination in chief, * * * and to the exercise of a sound discretion by the trial court, * * * generally, any matter is a proper subject of cross-examination which is favorable to the cross-examiner and tends to discredit or rebut the theory or claim of the opposing party, or which is responsive to testimony given on direct examination and tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness, or any logical inference resulting therefrom."

*Mark v. City of Indianapolis* (1966), 247 Ind. 511, 219 N.E.2d 434, 436; West's Ind.Law Ency., Witnesses, § 113, pp. 105, 106. The trial court has the discretion to determine the scope of a cross-examination and only a clear abuse of that discretion warrants reversal. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311; *City of Indianapolis v. Swanson* (1983), Ind., 448 N.E.2d 668; *Schalkle v. State* (1979), 272 Ind. 134, 396 N.E.2d 384.

■ Appellant attempted to inquire into the area of Saunder's prior drug usage by posing two questions. The State objected and the trial court disallowed both of them. The questions are set forth here:

"You've never used any other drugs other than pot?"

"Did you ever use hard drugs"?

These questions are too broad in scope to support the arguments appellant maintains on appeal. Their evidentiary goal is vague and they contain the potential to distract and to prejudice the jury. The trial court did not abuse its discretion.

### IV.

■ Appellant argues that the trial court erred in permitting testimony about uncharged drug transactions. Officer Phelps testified about a drug purchase involving appellant on November 19, 1979. Appellant objected and the trial court overruled the objection. Officer Phelps also testified about a failed drug purchase involving appellant on November 29, 1979. Appellant objected and the trial court overruled the objection. Officer McLain testified about another drug purchase involving appellant on February 14, 1979. Appellant objected and the trial court overruled the objection.

[T]he general rule is evidence of prior crimes committed by a defendant, separate and distinct from the one he is charged with committing, is inadmissible to prove commission of the present crime ... [I]t is well established such evidence is admissible where it tends to prove intent, motive, purpose, identification, or common scheme or plan. *Howell v. State* (1980), [274] Ind. [490], 413 N.E.2d 225; *Henderson v. State* (1980), [273] Ind. [334], 403 N.E.2d 1088. This Court has held admission of evidence of a defendant's prior drug dealings to show a common scheme or plan to engage in drug peddling is proper. *Manuel v. State* (1977) 267 Ind. 436, 370 N.E.2d 904. See also, *Haynes v. State* (1980), Ind.App., 411 N.E.2d 659; *Perry v. State*, (1980), [181] Ind.App. [553], 393 N.E.2d 204.

*Gaines v. State* (1983), Ind.App., 456 N.E.2d 1058, 1061. Here, each challenged transaction involved appellant and Saunders, the informant. The charged transactions involved appellant and Saunders. The November transactions are not so remote in time or circumstances as to be irrelevant. The February transaction precedes the charged transactions by nine months. Although more remote in time, the circumstances of the transaction tend to prove a common scheme and plan of conducting a drug dealing business for profit.

### V

Appellant argues that the trial court erred in permitting the State to cross-examine his alibi witness about the witness' daughter's drug conviction.

■ Bias, prejudice, or ulterior motives of a witness may properly be introduced since they are relevant on the issue of the credibility or weight of the witness' testimony. *McKinley v. State* (1984), Ind. App., 465 N.E.2d 742; *Denton v. State* (1983), Ind., 455 N.E.2d 905. The bias and ulterior motives of a witness may be revealed so long as there is a reasonable degree of probability that the witness is biased because of the evidence in question. *Hossman v. State* (1984), Ind.App., 460 N.E.2d 975. Evidence of bias is not collateral in nature, nor is it limited to the scope of direct examination. See *Clark v. State* (1976), 264 Ind. 524, 348 N.E.2d 27. The revelation of bias on the part of a witness is a legitimate and often essential goal of cross-examination. *Duncanson v. State* (1979), 181 Ind.App. 370, 391 N.E.2d 1157. In proper circumstances, introduction of the fact of the conviction of a relative of the witness may be admissible as showing such bias on the witness part. See *Clark*, supra.

■ The bias of appellant's alibi witness was a proper subject for cross-examination; consequently, the trial court did not err in permitting the drug conviction to be revealed.

### VI

Appellant argues that he was denied a fair trial because certain jurors observed him in handcuffs. A Deputy Sheriff escorted the appellant to and from the jail and the courthouse in handcuffs. Appellant was not in handcuffs at trial; how-

ever, on at least two occasions, jurors observed him in handcuffs outside the courtroom as he was exiting an elevator and as he was passing through a hallway.

"As a general rule, a defendant in a criminal case has the right to appear before the jury free from shackles or other physical restraints. *Illinois v. Allen* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970); *Kennedy v. Cardwell* 487 F.2d. 101 (6th Cir.1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974), *United States v. Samuel* 431 F.2d 610 (4th Cir.1970) See generally Annot., 90 A.L.R.3d. 17 (1979). This right springs from the basic principle of American jurisprudence that a person accused of a crime is presumed innocent until his guilt has been established beyond a reasonable doubt. *Samuel,* 431 F.2d at 614. For this presumption to be effective courts must guard against practices which unnecessarily mark the defendant as a dangerous character or suggest that his guilt is a foregone conclusion. As one court observed if a defendant is to be presumed innocent, he must be allowed the indicia of innocence. Id. See also *Estelle v. Williams* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d. 126 (1976).

*Harrell v. Israel* (1982), 672 F.2d 632, 635. "Courts have generally found brief and inadvertant confrontations between a shackled accused and one or more members of the jury insufficient to show prejudice. See eg. *United States v. Figueroa-Espinoza,* 454 F.2d. 590 (9th Cir. 1972); *United States v. Leach* 429 F.2d. 956 (8th Cir.1970), cert denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971); *Hardin v. United States* 324 F.2d. 553 (5th Cir.1963).

*Harrell, supra at 637.*

█ Being seen by jurors while being transported in handcuffs is not grounds for reversal, absent a showing of actual harm. See *Hartlerode v. State* (1984), Ind., 470 N.E.2d 716, 719; *Misenheimer v. State* (1978), 268 Ind. 274, 282, 374 N.E.2d 523, 529; *Johnson v. State* (1977), 267 Ind. 256, 258–259, 369 N.E.2d 623, 624–625, cert. denied, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791; *Jessup v. State* (1971), 256 Ind. 409, 412, 269 N.E.2d 374, 375. The facts in this case do not rise to the level of reversible error.

## VIII

Appellant argues that the trial court erred in permitting the prosecutor to make improper comments during closing arguments. He contends that he was placed in grave peril because the prosecutor improperly commented on the burden of proof. The challenged comment is set forth here:

The fact a witness may have a motive to shade his testimony doesn't mean the testimony is all a lie. It may be the start of thinking that. It has to go with other evidence and in this case, of course, they had never gone any farther than the trial that Danny Saunders may have had a reason may have had a motive. They have never proved that there's any evidence that the Kelset wasn't working on two occasions when Dave Phelps could not hear Danny Sunders talk to the defendant over the Kelset—

Appellant objected on the grounds that he did not have the burden of proof. The trial court ordered the prosecutor to rephrase, saying it would be more satisfactory to say what the evidence showed or failed to show.

█ To determine whether the prosecutor has engaged in misconduct during the trial, this Court conducts the dual analysis enunciated in *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. We first determine whether the prosecutor engaged in misconduct by referring to case law and the Disciplinary Rules of the Code of Professional Responsibility. If misconduct has been established, then we must determine whether the misconduct, under the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the

jury's decision, not the degree of impropriety of conduct.

■■ Assuming the prosecutor's statement rose to the level of misconduct, we do not believe that appellant was placed in a position of grave peril to which he should not have been subjected. The trial court preliminarily instructed the jury that the State bears the burden of proof beyond a reasonable doubt on every essential element of the crime charged and that the defendant is presumed to be innocent. The trial court reiterated these points in its final instructions to the jury. Consequently, the trial court cleared up any confusion the jury may have had as to the appropriate burden of proof.

## VIII

Appellant argues the trial court erred in denying his second Motion for New Trial. He claims that someone revealed to a juror during the trial that he had had a prior conviction involving illegal substances. In support of his claim, he presented to the trial court an affidavit from Annamaria Johnson. In her affidavit, she stated that the juror in question communicated to her shortly after the trial that during the trial a woman told the juror about appellant's prior conviction. Ms. Johnson was formerly related to appellant by marriage.

■■ On appeal, the trial court's ruling on a Motion for New Trial is presumed to be correct. Here, a party probably favorable to appellant gave an affidavit in which the incident of alleged misconduct was revealed by hearsay. Appellant has not sustained his burden to persuade this Court that the trial court's decision was erroneous.

## IX

■■ Appellant argues that the cumulative effect of the alleged previous errors denied him a fair trial. Alleged errors which do not present a single basis for reversal do not gain the stature of reversible error when viewed *en masse. Napier v. State* (1983), Ind., 445 N.E.2d 1361.

## X

Appellant argues that the trial court enhanced some of his sentences and made some of them consecutive without stating its reasons.

■■ In order to carry out our function of reviewing the trial Court's exercise of discretion in sentencing, we must be told of its reasons for imposing the sentence. *Green v. State* (1981), Ind., 424 N.E.2d 1014, on remand (1983), Ind., 451 N.E.2d 638. This statement of reasons must contain the following three elements: (1) It must identify all significant mitigating and aggravating circumstances; a failure to find either when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered. See *Page v. State* (1981), Ind., 424 N.E.2d 1021, on remand (1982), Ind., 442 N.E.2d 977; (2) It must include the specific reason why each circumstance is mitigating or aggravating; and (3) The mitigating circumstances must be weighed against the aggravating circumstances in order to determine if the aggravating circumstances offset the mitigating circumstances. Some articulation of this balancing process must be made in the record by the trial court. *Spinks v. State* (1982), Ind., 437 N.E.2d 963; *Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316, *on remand* (1982), Ind., 441 N.E.2d 442.

■■ We must know what a decision means before the duty becomes ours to say whether it is right or wrong. *United States v. Chicago, M., S.P.R. Co.* (1935), 294 U.S. 499, 55 S.Ct. 462, 79 L.Ed. 1023. Here, the trial court enhances several sentences and makes others consecutive. The trial court gives no reasons for its actions; consequently, this case is remanded in order for the trial court to prepare a sentencing statement which supports its initial determination or, if indicated, in order to impose presumptive or mitigated sentences and concurrent sentences.

However, the convictions are affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DICKSON, J., dissents without opinion on basis of Issue IV.