**Walter L. SWEET, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 30S00–8711–CR–1082.**

Supreme Court of Indiana.

Jan. 25, 1989.

George J. Lewis, Lineback & Lewis, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

The original prosecution of appellant commenced in April of 1980. His conviction at that time on eight counts of Dealing in Schedule I or Schedule II Controlled Substances resulted in a sentence of ninety (90) years imprisonment. This Court reversed that conviction. *Sweet v. State* (1982), Ind., 439 N.E.2d 1144.

Appellant was retried in August of 1983 and was again convicted as charged which resulted in a sentence of thirty-two (32) years. Appellant's conviction was affirmed. *Sweet v. State* (1986), Ind., 498 N.E.2d 924. The cause, however, was remanded to the trial court with the following statement:

> "The trial court gives no reasons for its actions; consequently, this case is remanded in order for the trial court to prepare a sentencing statement which supports its initial determination or, if indicated, in order to impose presumptive or mitigated sentences and concurrent sentences." *Id.* at 930.

The instant appeal is taken from the trial court's corrected sentence in compliance with the mandate of this Court above quoted. When the mandate was received by the trial court, it was spread of record and on December 8, 1986, then-Special Judge Carl T. Smith entered what purported to be a corrected judgment. However, that judgment gave no stated reasons for the terms of the sentence. On December 9, 1986, the court set aside the judgment of December 8 and took the matter under advisement. On December 15, 1986, the court with Carl T. Smith, Special Judge, entered a corrected sentence setting forth his reasons therefor, but did so with the understanding that the State had agreed to the sentence.

Upon receiving notification from the State that there had been no such agreement, Judge Smith set the matter for a hearing on January 16, 1987. Following a brief hearing consisting of argument by counsel, Judge Smith took the matter un-

der advisement and on February 6, 1987, he entered a third order in which he first explained that he was entering the corrected order because he had been mistaken in believing that there had been an agreement made between appellant's counsel and the State as to the previous orders. He thereafter set forth in detail his reasons for entering the sentence and found that the aggravating and mitigating circumstances which he set forth, when taken together, fully justified the sentence imposed on September 19, 1983 in which appellant received a sentence totalling thirty-two (32) years.

Appellant now takes the position that any action taken by the court after its initial re-sentencing of appellant on December 8, 1986 was a violation of his constitutional right to due process and in violation of both the United States Constitution and the Indiana Constitution. To support his position, appellant cites *State ex rel. AAF-CO H. & A. C. Co., Inc. v. Lake Superior Ct.* (1975), 263 Ind. 233, 328 N.E.2d 733 which holds that a judge may not set aside a judgment under Ind.R.Tr.P. 60(B) unless he does so pursuant to a motion filed by a party. He also cites *Town of St. John v. Home Builders Ass'n., Etc.* (1981), Ind. App., 428 N.E.2d 1299 for the same proposition.

The cited authorities, however, do not parallel the situation in the case at bar. The trial court was under a direct mandate of this Court to prepare a sentencing statement to support his initial determination or re-sentence appellant according to his findings as to aggravating and mitigating circumstances. The first attempt of the court to comply with the mandate gave no statement to support the finding of either aggravating or mitigating circumstances. The court's second attempt did in fact properly set out its reasons for the sentence rendered. However, there was a reduction in time to be served based upon the trial judge's mistaken belief that the State had entered into an agreement for a reduced sentence. When it became apparent that such was not the case it was incumbent upon the trial judge to correct the situation, which he did.

Appellant also takes the position that the trial judge erred in not hearing evidence as to the appropriate sentence. It is evident from the final judgment rendered in this cause that the court was amply supplied from the record with the evidence needed to render the sentence. Under the circumstances, there was no need for the court to hear further evidence unless he in his sound discretion chose to do so.

We would point out that following rendition of the sentence Judge Smith disqualified in the case and this Court appointed the Hon. Dennis Carroll as Special Judge to pass on the motion to correct error. Therefore the record in this case shows that this appeal is taken from Judge Carroll's decision in overruling the motion to correct error.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

On December 8, 1986, Judge Smith signed, dated and entered of record the following judgment:

Comes now Carl T. Smith, Special Judge and hereby orders the Clerk to spread of record the opinion rendered by the Supreme Court of Indiana under No. 7845268. In accordance with said opinion the Court now corrects the sentence as follows:

The Court now sentences the Defendant to the care and custody of the Indiana Department of Corrections as follows: Count I Dealing in a Schedule II Controlled Substance a Class B Felony, 10 years; County [sic.] II Dealing in Marijuana, a Class D Felony, 2 years; Count III, Dealing in Marijuana, a Class D Felony, 2 years; Count IV, Dealing in Marijuana, a Class D Felony sentence is covered in Court [sic.] V; Count V, Dealing in a Schedule II Controlled Substance, a Class B Felony, 10 years; Count VI, Dealing in Marijuana, a Class D Felony, sentence is covered in Count VII; Court [sic] VII Deal-

ing in a Schedule II Controlled Substance, a Class B Felony, 10 years; Count VIII, Dealing in Marijuana, Class D Felony, 2 years. The Court further finds and adjudges that all sentences under this cause shall run concurrently. Defendant shall receive credit for time already served. The Court now orders the Clerk of this Court to send a certified copy of the sentence commitment to the Indiana Department of Corrections.

/s/Carl T. Smith
Carl T. Smith, Special Judge
Hancock Superior Court

In this order, the Judge imposed ten year presumptive sentences for appellant's class B felony convictions, and two year presumptive sentences for his class D felony convictions, and ordered all sentences to be served concurrently. This was an alternative sentencing approach authorized expressly in our remand order in the language, "... or, if indicated, in order to impose presumptive or mitigated sentences and concurrent sentences." *Sweet v. State* (1986), Ind., 498 N.E.2d 924. When such an approach is adopted, and the sentencing court does not impose an enhanced sentence or consecutive sentences, the court need not set forth its considerations in the sentencing statement. *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304. Since this order was in conformity with this Court's remand order, and was entirely proper and legal, I see no authority for a court upon receiving an objection the following day from the prosecuting attorney, to set that aside and sentence the defendant anew. I would affirm the convictions again, set aside the judgments of December 15, 1986 and February 6, 1987, and order the judgment of December 8, 1986 reinstated.

DICKSON, J., concurs.